Raymond STANFORD, Jr., Appellant,

v.

LINCOLN TANK COMPANY et al.,
Appellees.

No. 16868.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 10, 1967.

Arch Dawson, Wichita Falls, for appellant.

Stanley Kirk, Wichita Falls, for appellee Lincoln Tank Co. in trial court.

Bean, Ford, Schleier & Dickerson, Kilgore, for appellee James S. Person in trial court.

## OPINION

MASSEY, Chief Justice.

This is an appeal by writ of error from a default judgment granted on the theory that defendant Raymond Stanford, Jr., failed to file an answer.

Suit was filed by plaintiff, Lincoln Tank Company, against defendant Raymond Stanford, Jr. and James S. Person on a verified account, alleging an agreement to pay 8% interest after sixty days, alleging demand (but not alleging the demand was 30 days prior to filing suit) and asking for attorneys fees. Both defendants answered by general denial. On the 11th day of October, 1966, default judgment was rendered against both defendants for $3,289.62, the account in full, plus interest at 8% and the full attorney fees prayed for.

Basis for the default as set out in the judgment, was that "the Defendants being duly served with citation herein failed to answer or appear in their behalf and wholly made default." As stated in the findings, defendant Stanford did not appear in the trial, but he was not in default, having an answer on file in the cause since January 24, 1966. On April 7, 1967 he filed his petition for writ of error, and his bond was approved on said date. The transcript of the record was filed in this court on May 15, 1967.

 The Court's basis for his action was Texas Rules of Civil Procedure, Rule 239, "Judgment by Default", which authorizes a default judgment at any time against any defendant who has been duly served with citation and fails to answer when required to do so. But the authority is conditioned, "if he has not previously filed an answer." On that basis, of no answer filed and a complete default, there was no necessity for compliance with Rule 330, "Rules of Practice and Procedure in Certain District Courts", (b) "Setting Cases for Trial, etc.", with reference to setting the case for trial, "with notice to the parties" of the trial date, and there can be no basis for an inference that the procedure was by T.R. C.P. Rule 330(b). The judgment recites merely the cause "came on to be heard" and does not find that it was set for trial and the defendants notified and that their default consisted in failing to appear for the trial. The findings and conclusions that the defendants failed to answer or appear and wholly made default though made in the judgment are nevertheless to be treated as findings and conclusions made in accordance with T.R.C.P. Rule 296, "Conclusions of Fact and Law". Stahl v. Westerman, 250 S.W.2d 325 (San Antonio, Civ.App., 1952, no writ hist.).

Supplemental findings, which may be sometimes presumed, cannot be indulged here because the express findings disclose the basis for the judgment. Burford v. Pounders, 145 Tex. 460, 199 S.W.2d 141 (1947).

This defendant was not in default, and it was error to render this default judgment against him. 33 Tex.Jur.2d 640, "Judgments", § 119, "Effect of answer or plea of privilege".

The erroneous finding of no answer and default was an error of law apparent on the face of the record. The statement of facts is unnecessary for its determination. 3 Tex.Jur.2d 696, "Appeal and Error—Civil", § 448, "Effect of no statement (of facts)".

The fact that the suit was on a sworn account and the answer was unverified did not warrant the rendition of the default judgment. 33 Tex.Jur.2d 642, "Judgments", § 120, "Sufficiency of pleading to prevent default".

Judgment is reversed and the cause remanded.