CORSICANA READY MIX, a partnership composed of Gilbert W. Sutherlin and Ernest Rylie, partners, Appellants,

v.

TRINITY METROPLEX DIVISION, GENERAL, PORTLAND, INC., Appellee.

No. 19329.

Court of Civil Appeals of Texas, Dallas.

Nov. 22, 1977.

John T. Barrett, Jr., Beard & Kultgen, Waco, for appellants.

Stephen F. Fink, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

AKIN, Justice.

Appellant, Corsicana Ready Mix, appeals from a default judgment granted appellee, Trinity Metroplex. Appellee sued Corsicana Ready Mix, a partnership composed of Gilbert W. Sutherlin and Ernest Rylie, alleging a failure to pay for goods purchased on an open account. The individual partners, individually filed pleas of privilege and answers, but did not file an answer in the partnership name. Appellee argues that since suit was against the partnership only, and, since no answer had been filed specifically on behalf of the named defendant partnership, the default was proper. On the other hand, appellant contends that it was error for the trial court to enter a default judgment after an answer had been filed by all of the partners. We agree with appellant and hold that the answers of all individual partners is equivalent to an answer for the partnership. Accordingly, we reverse the judgment of the trial court and remand for further proceedings.

Trinity contends that default was proper under Tex.R.Civ.P. 239 because no answer was filed by the partnership, Corsicana

Ready Mix as such. It reasons that the partners, as distinguished from the partnership entity, were not parties to the suit in their individual capacities. Thus, Trinity concludes that the answers filed by the partners individually are not answers on behalf of the partnership, Corsicana Ready Mix, and are a nullity insofar as the judgment against the partnership is concerned. In support of its position, Trinity points to Tex.R.Civ.P. 28 which permits suit against a partnership only, and to Tex.Rev.Civ.Stat. Ann. art. 6132b (Vernon 1970), which adopts the "entity" theory of partnership existence.

■ We cannot agree with Trinity's argument. Although a plaintiff may elect to sue only the partnership entity, it does not follow that where all partners of the entity answer the suit on the merits, the answers are a nullity unless each answer specifically purports to be an answer for the partnership entity. The supreme court in *Hammonds v. Holmes,* 21 Tex.Sup.Ct.J. 51 (November 9, 1977), held that where parties had originally sued in their individual capacity and the suit had been dismissed with prejudice, a subsequent suit asserting the same cause of action by the same parties in the partnership name was barred by res judicata, stating:

> If the partnership is to be viewed as a separate entity, the individual partners sued as its representatives in the former suit. It is said that the "[i]dentity of parties is not a mere matter of form, but of substance." *Id.* at 51.

Since res judicata bars a suit in the partnership name after the individual partners' suit on the same claim had been dismissed with prejudice, it logically follows that an answer for all of the individual partners is equivalent to an answer for the partnership. Since both partners had answered, we hold that the answers of the individual partners were sufficient to prevent a default by the partnership. To hold to the

contrary would produce an absurd result and would place form above substance.

■ It is a well-settled rule that a default judgment rendered when an answer is on file is error. *Kinnard v. Herlock,* 20 Tex. 48 (1857); *Bedwell v. Thompson,* 25 Tex.Supp. 245 (1860); *McKaughan v. Harrison,* 25 Tex.Supp. 461 (1860); *Stanford v. Lincoln Tank Co.,* 421 S.W.2d 412 (Tex.Civ. App.—Ft. Worth 1967, no writ); *Martinec v. Maneri,* 494 S.W.2d 954 (Tex.Civ.App.— San Antonio 1973, no writ). Since this is true, it follows that the trial court erred in rendering the default.

■ Trinity next argues that appellant waived this error because it failed to call to the court's attention the answers on file. In support of this proposition it cites *Robinson v. Mattison,* 25 Tex.Supp. 451 (1860) and *Hopkins v. Donaho,* 4 Tex. 336 (1849) which held that if an answer was on file when a default had been rendered, the burden was on the defendant to bring the answer to the court's attention by a motion to set aside the judgment; otherwise, this error could not be raised for the first time on appeal. Although we doubt the efficacy of this rule today in light of supreme court authority that no presumptions are indulged in favor of a default judgment, *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965), the cases of *Robinson* and *Hopkins, supra* have not been limited or overruled by the supreme court.[1] The facts here are distinguishable from the facts in those cases because the record affirmatively shows that the trial court was aware of the answers on file. Indeed, the court's attention was directed to the answers of the individual partners by appellee's motion for default judgment which alleges, as the sole ground of the motion, that these answers were not answers for the partnership. Apparently, the court granted the default judgment on this ground. Consequently, we do not regard appellant's failure to call these answers to

---

1. Since this case was appealed before the 1977 amendment to rule 324, Tex.R.Civ.P., we do not consider how this case would be affected by that amendment insofar as it provides, "Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon."

the court's attention as being within the rule as stated in *Hopkins* and *Robinson*.

Reversed and remanded.