Lee Etta **BOOKER**, Appellant,

v.

Charles Oscar **HILL**, Appellee.

No. 5912.

Court of Civil Appeals of Texas, Waco.

Aug. 17, 1978.

Charles B. McGregor, Beard & Kultgen, Waco, for appellant.

Don Hancock, Waco, for appellee.

### OPINION

McDONALD, Chief Justice.

Defendant Booker seeks review by petition for writ of error of a summary judgment rendered against her, in plaintiff Hill's suit to set aside a deed from Amanda Johnson, grantor to defendant Booker, grantee.

Plaintiff Hill filed this suit alleging he was Executor of the Estate of Amanda Johnson, deceased; that Amanda Johnson was a person of unsound mind 85 years old; that defendant Booker on February 28, 1977 unduly influenced Amanda Johnson to execute a deed to defendant to a house and lot in the City of Hillsboro; that Amanda

Johnson died March 18, 1977, that such deed is void because of Amanda Johnson's mental condition; and because the description in such deed is fatally defective. Plaintiff further plead title to the property by limitations. Plaintiff prayed for judgment against defendant for the land.

Attorney Samuel R. Jones of Waco, Texas filed answer for defendant.

The transcript reflects that on September 8, 1977 plaintiff filed motion for summary judgment, praying the February 28, 1977 deed be declared invalid and ineffective for want of a proper description; that said real estate be held to be property of the estate of Amanda Johnson; and possession placed with plaintiff Executor of such estate; that the trial court on September 8, 1977 set such motion for summary judgment for trial for 1 PM September 21, 1977 and directed plaintiff to give defendant notice of such setting; that Don Hancock attorney for plaintiff certified that he on "September 9th" mailed a copy of the foregoing motion for summary judgment to Mr. Samuel R. Jones, Attorney at Law, 204 N. 6th St., Waco, Texas 76701.

And the transcript reflects a motion filed September 12, 1977 by Samuel R. Jones, to withdraw as defendant's attorney; that the trial court granted such motion on the same day.

The judgment recites that on September 21, 1977 the trial court heard plaintiff's motion for summary judgment "and proper service thereof having been made, and came plaintiff by and through his attorney, and defendant Lee Etta Booker, although due notice had been timely served on her attorney prior to his withdrawal on September 12, 1977, failed to appear either in person or through an attorney even though notice was mailed to her by Certified Mail No. 375508, on the same day plaintiff was advised of the withdrawal of the attorney for defendant". Such judgment decrees the February 28, 1977 deed "cancelled and held for naught"; that plaintiff have fee simply title and possession to a tract of land *differ-*

*ent* from the tract described in the deed;[1] and that plaintiff have immediate possession of such property. Such judgment recites it was signed on October 3, 1977.

Defendant filed her petition for Writ of Error on January 20, 1978 by and through Charles B. McGregor, Attorney at Law.

Article 2249a VATS limits the right of review by writ of error by providing: "No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error".

The record reflects defendant did not participate either in person or by attorney in any way in the case after withdrawal by her attorney on September 12, 1977, and specifically did not participate in the September 21, 1977 hearing either in person or by attorney.

■ Defendant not having participated either in person or by attorney in the actual trial of this case is entitled to review the summary judgment rendered herein by her petition for writ of error which was filed within 6 months from date of rendition of final judgment. Article 2255 VATS. *Wilson v. Brickstone Products Corp.*, Tex.Civ. App. (San Antonio) NRE, 465 S.W.2d 183; *Phillips Petroleum Co. v. Bivins*, Tex.Civ. App. (Amarillo) NRE, 423 S.W.2d 340.

Defendant asserts among other matters:

1) The trial court erred in rendering summary judgment for plaintiff because same was not rendered pursuant to a valid hearing.

2) The trial court erred in rendering summary judgment for plaintiff because proper notice of the hearing thereon was not served on defendant as required by law.

■ Summary judgment should not be granted, and if granted should be affirmed only if the summary judgment proof establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.*, Tex.S.Ct., 450 S.W.2d 827. All burdens are on the movant. *Swilley v. Hughes*, Tex.S.Ct., 488 S.W.2d 64. The party against whom summary judgment is sought is not required to establish his right to prevail. *Glenn v. Prestegord*, Tex.S.Ct., 456 S.W.2d 901; *Lewter v. Dallas County*, Tex.Civ.App. (Waco) NRE, 525 S.W.2d 885; *Mosley v. Ramos*, Tex.Civ.App. (Waco) NWH, 559 S.W.2d 894.

■ A party appealing to the Court of Civil Appeals by writ of error within 6 months of final judgment may obtain relief if invalidity of the judgment is disclosed by papers on file in the case. *Pace Sports, Inc. v. Davis Bros. Publishing Co.*, Tex.S.Ct., 514 S.W.2d 247; *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706; *Mullen v. Roberts*, Tex.S.Ct., 423 S.W.2d 576; *Smith v. Smith*, Tex.S.Ct., 544 S.W.2d 121; *DeGroot v. Hall*, Tex.Civ.App. (Waco) NRE, 526 S.W.2d 696.

■ Rule 166–A TRCP as amended July 21, 1970, effective January 1, 1971 was in effect in 1977, and provided the "motion [for summary judgment] shall be served at least ten days before the time specified for the hearing"; and further: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith".

The transcript reflects plaintiff's attorneys certificate that he mailed Attorney Samuel R. Jones a copy of the motion on "September 9th". It does not reflect that Attorney Jones ever received such; and does not reflect that notice of the setting was mailed to Attorney Jones, or that sworn or certified copies of the papers referred to in the affidavits were served on Attorney Jones.

The judgment recites "proper service thereof having been made * * * and

---

1. Plaintiffs' trial petition (filed September 7, 1977) recites on page 1 a description of property allegedly owned by Amanda Johnson; and later recites on page 3, the description contained in the February 28, 1977 deed, which is an altogether different description. The judg-ment set aside the February 28, 1977 deed, but then decreed title and possession to plaintiff of the property described on page 1. Such could not be properly adjudicated on the summary judgment.

defendant Lee Etta Booker, although due notice had been timely served on her attorney prior to his withdrawal on September 12, 1977, failed to appear in person or through an attorney even though notice was mailed to her by Certified Mail No. 375508, on the same day plaintiff was advised of the withdrawal of attorney for defendant".

Assuming notice was mailed to defendant on September 12, 1977 (the record reflects she lived in California), it is physically impossible she could have had 10 days notice prior to September 21, 1977.

Further, while ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar*, Tex.S.Ct., 388 S.W.2d 927; *Edmond, Inc. v. Schilling*, Tex.Civ.App. (Waco) NWH, 501 S.W.2d 432; *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934.

Defendant's contentions, supra, are sustained. The trial court erred in rendering the summary judgment; and such errors are disclosed by the papers on file.

REVERSED AND REMANDED.