**Paul CONRAD, Appellant,**

v.

**Hernan I. ORELLANA, et al., Appellees.**

**No. 13–82–307–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 17, 1983.

Michael McNamara, Harlingen, for appellant.

Brian G. Janis, Carinhas & Morrow, Brownsville, for appellees.

Before UTTER, BISSETT, and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a judgment overruling an application for bill of review. The issues presented are: (1) the validity of the post answer default judgment, and (2) the sufficiency of the evidence to support a jury finding that the appellant was negligent in allowing the default judgment against him to be rendered and to become final. We affirm the judgment of the trial court.

In the original suit, the appellee sued the appellant on a promissory note to recover the debt of $10,000.00. In response to service of process, the appellant duly filed his answer in the form of a general denial. No other pleadings were filed thereafter in the original suit. On appellee's motion for a setting, the case was later set for trial. At the trial, neither the appellant nor his attorney appeared, and thereafter judgment was entered against the appellant for the amount of the promissory note plus interest.

In his application for bill of review, the appellant alleged that, as a result of having never received notice of any settings or notice that judgment was entered against him, no motion for a new trial was filed nor appeal perfected. Appellant claimed that he first learned of the default judgment from the Sheriff upon the issuance of a writ of execution in favor of the appellee against him and that he had no cause to suspect a default judgment. Appellant also alleged that he had several meritorious defenses to the original suit against him on the promissory note. Affidavits were submitted with the application for bill of review to support the appellant's alleged meritorious defenses. However, the appellant did not allege in his application for bill of review that the judgment in the original suit was entered without fault or negligence on his part.

The trial court, after reviewing the affidavits of the appellant, made a pre-trial ruling that the appellant had established a prima facie meritorious defense, thereby sustaining the appellant's minimum requirement to be in court on the bill of review. *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979). The court then set a trial to a jury on the critical issue of whether the judgment was rendered as a result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with the negligence of the part of appellant. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950). In response to special issues, the jury found that the prior judgment was rendered and became final as a result of an official mistake, but it also found that the prior judgment was rendered and became final because of the appellant's negligence.

The appellant asserts in his first two points of error that the trial court erred in failing to grant his motion for directed verdict and his motion for judgment notwithstanding the verdict as the entry of the judgment being reviewed was erroneous as a matter of law. Appellant argues that the prior default judgment is erroneous on its face because it was entered on erroneous findings recited within the judgment similar to findings held to be erroneous in *Stanford v. Lincoln Tank Co.,* 421 S.W.2d 412 (Tex.Civ.App.—Fort Worth 1977, no writ history), which would warrant the granting of a new trial. In the *Stanford* case the judgment recited as follows:

... the defendants being duly served with citation herein *failed to answer* and appear in their behalf and wholly made default. (Emphasis added). 421 S.W.2d at page 413.

As stated in the findings, defendant Stanford failed to answer and to appear in the trial; but contrary to the findings, the record clearly showed that he was not in de-

fault, having an answer on file in the cause. The Fort Worth Court in its opinion stated:

> This defendant was not in default, and it was error to render this [Rule 239] default judgment against him. . . . The erroneous finding of no answer and default was an error of law apparent on the face of the record. 421 S.W.2d at page 413.

Appellant points out that the judgment of which he complains herein contains findings which are almost exactly like those held to be erroneous in *Stanford.* The judgment in the instant case, recites:

> "Paul Conrad, defendant herein, though duly notified and through his attorney of record, appeared not and wholly made default."

However, unlike the findings in *Stanford,* these findings do not erroneously state that the appellant failed to answer when the record clearly shows that he did, in fact, file an answer.

Appellant complains of the portion of the judgment which recites that the appellant was "duly notified." Appellant alleges that this recitation is erroneous because he was not in fact "duly notified." Appellant urges that the jury's finding in the bill of review trial that the prior judgment was rendered and became final as the result of an official mistake supports appellant's allegation that he was not in fact "duly notified." However, the jury did not affirmatively find that appellant had not been "duly notified" of the setting of the cause for trial.

At the time of the entry of the judgment, the trial court's records and files reflected that appellant had been mailed all notices of hearings as well as the notice setting the case for trial. In the bill of review trial, the deputy county clerk was able to verify that copies of all motions and orders in the case were made and mailed to the appellant's attorney, but she could not verify that the copies were sent to the correct address. She did state, however, that these copies of motions and notices were not returned to her by the United States Post Office. She could not verify that a copy of the judgment was mailed to the appellant's attorney. The hearing date, the trial date and the judgment were entered on the trial court's docket sheet, and the order setting the case for trial and the judgment were both recorded in the civil minutes of the court. Thus, at the time of the entry of the judgment, the trial court's records showed that the appellant had been "duly notified by and through his attorney of record." There was no error of law apparent on the face of the record which warranted a new trial as per *Stanford.*

The appellant further argues that, in any event, it is error to render a default judgment when an answer is on file. The above proposition is well established as found in numerous cases cited in both appellant's and appellee's briefs, but it is valid only in cases involving an ordinary default judgment erroneously rendered pursuant to Rule 239, T.R.C.P., on the basis of the defendant having failed to file an answer when in fact an answer or other response of pleading was filed in the court's records. However, in the instant case, the prior judgment which was sought to be set aside in the bill of review proceeding below was a post answer default judgment.

It is clear that a post answer default judgment will lie in a situation in which neither the defaulting party nor an attorney representing him appears at trial provided that the judgment is in accordance with the pleadings and the plaintiff has offered evidence and has proven his case as in a judgment upon a trial. *Karl and Kelly Company, Inc. v. McLerran,* 646 S.W.2d 174 (Tex.1983); *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979).

In the present case, the prior judgment entered in the original suit recites on its face that "all matters of fact in law were submitted to the court for the court's determination, and the court, having considered the pleadings and the evidence in finding that the plaintiff's claim is fully liquidated, is of the opinion that the law and facts are with the plaintiff and against the defendant." The judgment and trial court's docket sheet reflect that the trial

court considered the pleadings and heard evidence before rendering the prior judgment in the original suit. We, as the reviewing court, must indulge in every presumption in favor of the correctness of the prior judgment. *Carson v. Estate of Carson,* 601 S.W.2d 171, (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.), Rule 377, 378. Therefore, the default judgment, which was entered after the appellant or his attorney failed to appear for trial, constituted a judgment upon a trial in accordance with the pleadings and evidence considered by the trial court below, and the trial court in the original suit was entitled to enter its post answer default judgment. *Stoner v. Thompson,* supra. Accordingly, appellant's first and second points of error are overruled.

■ In his third and fourth points of error, appellant alleges that there was no evidence to support the jury's findings of negligence and the trial court erred in submitting such issue and in not granting appellant's Motion for Judgment Notwithstanding Verdict. When an appellant had the burden of proof on an issue, his evidentiary points of error should properly be phrased in terms of "the evidence conclusively establishes the opposite of the jury's finding as a matter of law" or "the jury's finding is against the great weight and preponderance of the evidence." *Croucher v. Croucher,* 660 S.W.2d 55 (Nov. 2, 1983); Cornelius, Appellate Review of Sufficiency of the Evidence Challenges in Civil and Criminal Cases, 46 Tex.Bar J. 439; Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review 359 (1961).

At the bill of review trial, the appellant's attorney testified that he had filed an answer in form of a general denial in the prior suit, that he received in the mail the motion for setting along with the cover letter requesting that the order setting the motion for hearing be presented to the court.

■ The inquiry traditionally used to determine whether a party has been diligent is whether the litigant and his counsel used such care as that which prudent and careful men would ordinarily use in their own cases of equal importance. *Thomason v. Freberg,* 588 S.W.2d 821 (Tex.Civ.App.— Corpus Christi 1979, no writ history). An appellant cannot excuse himself because of the negligence or oversight of his own attorney. *Mackay v. Charles W. Sexton Company,* 469 S.W.2d 441 (Tex.Civ.App.—Dallas 1971, no writ history). An attorney's failure to make reasonable inquiries regarding his pending litigation is failure to exercise diligence, and without the showing of such diligence a bill of review will fail since the appellant will not be able to prove his non-negligence in allowing the judgment against him to be rendered and to become final. See *Carroll v. PetroChemical Transport, Inc.,* 502 S.W.2d 871 (Tex.Civ.App.— Beaumont 1973), modified, and as modified, affirmed, 514 S.W.2d 240, 241 (Tex.1974).

■ In this case, there was no showing of any diligence at all on the part of the appellant or his attorney. Any inquiry at all by appellant or appellant's attorney from February 11, 1981, the date the court entered its order setting the motion for setting for hearing, until May 8, 1981, the date the judgment became final would have apprised the appellant or his attorney of the trial status. In addition, appellant failed to prove what a prudent and careful man would do under the same or similar circumstances. The jury was entitled to conclude based upon the evidence presented at the bill of review trial that, since the appellant or his attorney had failed to make any such inquiries or investigation during the above period of approximately three months, there was a failure to establish appellant's non-negligence upon which the appellant had the burden of proof. Appellant did not establish his non-negligence as a matter of law and the jury's finding of negligence on the part of appellant was not against the great weight and preponderance of the evidence. Appellant's third and fourth points of error are overruled.

The judgment of the trial court is AFFIRMED.