Joe COSTELLO, Appellant,

v.

Robert W. JOHNSON and Marcia G. Johnson, Appellees.

No. 05-83-00866-CV.

Court of Appeals of Texas, Dallas.

Aug. 6, 1984.

Rehearing Denied Sept. 5, 1984.

Robert A. Ray, Tyler, for appellant.

Robert L. Dillard, III, William Hays, Dallas, for appellees.

Before AKIN, ALLEN and GUILLOT, JJ.

AKIN, Justice.

This is an appeal by Joe Costello from a summary judgment granted plaintiffs, Robert W. Johnson and Marcia Johnson. Costello contends that the judge erred in granting summary judgment because the record does not show that the notice requirements of TEX.R.CIV.P. 166–A were met. In this respect, he argues that, when his attorney of record withdrew after the opposing attorney had served upon him the motion for summary judgment, the Johnsons had the burden of showing receipt of notice of the motion and hearing by Costello. We hold that, when a party complies with TEX.R.CIV.P. 21a by a certificate of service upon opposing counsel, this raises a prima facie showing of notice. Additionally, since Costello filed a motion for new trial which neither set up a meritorious defense nor set forth reasons why Costello failed to respond to the motion or to reasonably explain why he did not do so, the trial court did not abuse its discretion in refusing to grant Costello a new trial. Accordingly, the judgment is affirmed.

This suit arose when the Johnsons sued Costello to collect two promissory notes in the sum of $32,500.00 plus interest and attorney's fees. Costello answered by general denial. On March 8, 1983, the Johnsons filed a motion for summary judgment supported by copies of the promissory notes attached to the Johnsons' affidavit

and the answers of Costello to requests for admission of facts, which judicially admitted the execution of the notes, their validity, demand, and the Johnsons' acceleration of payment of the notes. The trial judge set the hearing on the motion for April 8, 1983. On March 14, 1983, the Johnsons' attorney certified that the motion was served the same day by certified mail on Larry S. Parker, the attorney for Costello. Parker filed a motion to withdraw as Costello's attorney of record on March 24, 1983. This motion purports to be signed by Costello as well as Parker. In this respect, the signature of Costello appears to be the same as that contained on the answers to requests for admissions. An order granting Parker's motion to withdraw was granted by the trial judge on the same date.

■ Pursuant to the motion, a summary judgment hearing was had on April 8, 1983, and summary judgment granted on April 18, 1983. Costello apparently engaged his present attorney, who filed a motion for new trial on May 17, 1983, within the time when the trial court still had jurisdiction. Costello's motion for new trial failed, however, to set up a meritorious defense or to allege facts under oath, which, if true, would show that Costello's failure to respond to the motion for summary judgment was neither intentional nor the result of his conscious indifference, but was rather due to a mistake or accident on his part. *Strackbein v. Prewitt,* 671 S.W.2d 37 (Tex.1984); *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *see Dallas Heating Co., Inc. v. Pardee,* 561 S.W.2d 16, 19–20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r. e.); *see also Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966). In this respect, the motion for new trial did not allege, as Costello contends on appeal, that he did not receive notice of the motion or the hearing date. We here hold that the *Craddock* standard of review applies to a summary judgment default where the non-movant has failed to respond to the motion due to accident or mistake just as in the situation where a party fails to appear for the trial due to

accident or mistake after answering and a default judgment is rendered. Because Costello's motion for new trial failed to comport with the requirements of *Craddock,* no abuse of discretion is shown by the trial judge's action in overruling the motion.

■ We also overrule Costello's contention that notice of the hearing on the motion was not proper. In this respect, TEX. R.CIV.P. 166–A provides that the motion and supporting summary-judgment evidence must be served on the opposing party at least 21 days before hearing. Undisputedly, the motion was filed and notice served on Costello's prior counsel more than twenty-one days prior to the hearing, in accordance with TEX.R.CIV.P. 21a by posting by registered mail. Rule 21a further provides that service by mail is complete when the document is deposited, properly addressed, in a postal depository and that a written certificate to this effect shall be prima facie evidence of the fact of service.

Here, the record shows that the Johnsons' counsel signed a certificate of service stating that the motion was served upon Costello's counsel on March 14, 1983. Although this certificate complies with the notice requirements of Rule 21a, Costello argues that he is entitled to a reversal unless the record affirmatively shows that Costello's counsel *received* notice of the hearing. We cannot agree. We know of no authority for this proposition and, indeed, Costello's reading of Rule 21a is contrary to the plain language of that rule.

■ Additionally, Costello asserts that because the certificate of service attached to the motion did not state that all supporting summary-judgment evidence was attached to the motion posted, the certificate is not prima facie evidence that the attached affidavits were indeed sent with the motion. We do not agree. The motion for summary judgment specifically refers to the "attached" exhibits by description and exhibit number. We hold that the attorney's certificate which refers to the motion

complies with rule 21a in that it is prima facie evidence that not only was notice of the motion itself given but also of all "attached" and described supporting affidavits and exhibits.

In support of his argument with respect to receipt of the notice of the motion for summary judgment, Costello cites *Booker v. Hill*, 570 S.W.2d 460 (Tex.Civ.App.—Waco 1978, no writ). In that case, the Waco Court of Civil Appeals reversed a summary judgment taken by default against the appellant on the apparent ground that since only nine days elapsed between the time of her attorney's withdrawal from the case and the date of the hearing, "[a]ssuming notice was mailed to defendant on September 12, 1977 (the record reflects she lived in California), it is physically impossible she could have had 10 days notice prior to September 21, 1977." [1] *Booker*, 570 S.W.2d at 463. We doubt the soundness of the decision in *Booker* because the defendant in that case was notified of the hearing by certified mail and the presumption that she could not have received it timely was not warranted by the facts recited in that opinion. Furthermore, as noted by that court in footnote 1, *Booker*, 570 S.W.2d at 462, error existed on the face of the record because plaintiff's petition set forth two different deeds describing different properties while the judgment rendered decreed title in the plaintiff to but one described property. Due to this confusion, that court noted that "such could not be properly adjudicated on the summary judgment." *Booker*, 570 S.W.2d at 462. Consequently, we cannot say that the judgment of reversal was wrong.

Nevertheless, we expressly disagree with the *Booker* court's statement that the record must show receipt of notice of the motion, which is contrary to the express language of rule 21a. We also note that *Booker* is distinguishable from our case with respect to notice in that *Booker* was on writ of error whereas here Costello filed a motion for new trial, which failed to

allege lack of notice of the hearing. Accordingly, the judgment is affirmed.

GUILLOT, Justice, concurring.

I concur in the result but must disagree with my colleagues' treatment of this case as one of a default judgment. A default judgment cannot be granted when an answer is on file. *Corsicana Ready Mix v. Trinity Metroplex Division, General, Portland, Inc.*, 559 S.W.2d 423 (Tex.Civ. App.—Dallas 1977, no writ). It is undisputed that Costello filed an answer, so to characterize the judgment as one of default is incorrect. This judgment is also neither a judgment nihil dicit because Costello's answer placed the merits of the case in issue *nor* a post-answer default judgment because there was no trial on the facts which was unattended by Costello. *See Stoner v. Thompson*, 578 S.W.2d 679, 682–683 (Tex.1979). Thus, *Strackbein v. Prewitt*, 671 S.W.2d 37 (1984); *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); and *Dallas Heating Co., Inc. v. Pardee*, 561 S.W.2d 16, 19 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), have no relevancy.

1. Rule 166A at that time specified a 10 day    notice.