TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-04-00295-CV







James P. Halfmann, Appellant


v.


Employers General Insurance Company, Appellee







FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT

NO. 13,615, HONORABLE BEN WOODWARD, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 James P. Halfmann appeals from the district court's summary judgment that he take
nothing from Employers General Insurance Company (1) in his suit for judicial review of the denial of
worker's compensation benefits. Halfmann raises essentially three issues on appeal. He asserts that
the court erred in granting appellee's no-evidence motion for summary judgment because the record
contains evidence showing a genuine issue of material fact as to whether Halfmann's cervical injury
is compensable. He contends that the district court erred by granting traditional summary judgment
on the basis that Halfmann named the wrong defendant. Finally, he argues that the district court
erred in failing to grant his motion for a new trial. We will affirm the judgment.


BACKGROUND


 Halfmann sustained an injury to his right shoulder on July 12, 1999. Subsequently,
he contended that this work-related injury also included an injury he sustained to his cervical area.
After a hearing, the Texas Workers' Compensation Commission (TWCC) determined that the work-related injury did not extend to the cervical spine. Halfmann, appearing pro se, brought this issue
before the TWCC Appeals Panel. The Appeals Panel affirmed TWCC's decision, and Halfmann
filed suit for judicial review on June 20, 2003. See Tex. Lab. Code Ann. § 410.252 (West Supp.
2004-05). 

 On November 4, 2003, appellee filed a no-evidence motion for summary judgment.
The district court scheduled a hearing on that motion for December 11, 2003. Although appellee
filed an amended motion for summary judgment on November 20, 2003, the hearing remained set
for December 11, 2003; Halfmann alleges that he did not receive notice of the amended motion until
November 22, 2003. Halfmann appeared at the hearing on December 11, 2003 and argued his case
pro se; however, he did not file a written response with the court. The district court granted
appellee's Amended Motion for Final Summary Judgment on January 22, 2004 without specifying
the theory on which it was based. That same day, an attorney filed a notice of appearance as
Halfmann's counsel. Halfmann then filed a motion for new trial on February 11, 2004. The motion
was overruled by operation of law on April 6, 2004.


DISCUSSION


 Halfmann contends that the district court erred regardless of the basis on which it
granted summary judgment. He asserts that a no-evidence motion for summary judgment was
erroneous because evidence in the record created a fact question about the compensability of
Halfmann's cervical injury. He contends that the court erred by granting a traditional summary
judgment on the claim that Halfmann sued the wrong party. Finally, he argues that the court erred
by failing to grant his motion for new trial.


Summary Judgment

 Although the district court did not expressly state whether it was granting summary
judgment on no-evidence or traditional grounds, the judgment recites that "Plaintiff's compensable
injury does not extend to and include an injury to his cervical spine." Because that conclusion was
the basis of the no-evidence portion of appellee's motion, we will begin by examining that basis.

 In its no-evidence motion for summary judgment, appellee contended that no
evidence supported Halfmann's assertion that his work-related injury extended to and included his
neck injury. Appellee asserted in its motion for no-evidence summary judgment that Halfmann had
failed to provide any proof within a reasonable degree of medical probability to support his
contention that his cervical condition resulted from the original compensable, work-related injury.

 Halfmann's failure to file any timely response left the district court with no option
but to grant the motion for summary judgment. When one party files a no-evidence motion for
summary judgment, "[t]he court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(I) (emphases
added). The respondent to a motion for summary judgment may file and serve opposing affidavits
or other written response not later than seven days before the day of a hearing on summary judgment
unless the court grants leave to file later. Tex. R. App. P. 166a(c). Evidence filed after that date may
be considered on appeal only if there is some indication that the trial court allowed the late filing and
considered the evidence. Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996) (refusing
to consider affidavit in opposition to summary judgment filed without permission two days before
hearing). Halfmann filed some documents on the date of the hearing but did not serve them on
appellee. There is no showing that the court accepted or considered this late filing.

 Halfmann argues that the Appeals Panel decision shows that there is evidence
supporting his position that the cervical injury was work-related and compensable. The decision
recites that "[c]onflicting evidence was presented on the disputed issue of whether the compensable
injury includes an injury to the cervical area." Halfmann also notes that, in affirming the TWCC's
decision, the Appeals Panel relied on a factual sufficiency standard of review rather than a legal
sufficiency standard, which he contends supports his view that there was at least some evidence
supporting his position. But none of the evidence itself was submitted to the district court timely,
nor was this argument made to the district court at the summary-judgment hearing. The district court
properly granted appellee's no-evidence motion for summary judgment.

 Because we conclude that the summary judgment was proper on the no-evidence
basis, we need not consider whether the grounds for the traditional motion also support the judgment
because that issue would not change our disposition of the appeal. (2) See Tex. R. App. P. 47.1
(opinions must address every issue necessary to final disposition of appeal); cf. Western Invs., Inc.
v. Urena, 162 S.W.3d 547, 550 (Tex. 2004). 


Motion for New Trial

 Halfmann complains that the district court erred by denying his motion for new trial. 
In his motion for new trial, he complained that there was no adequate time for discovery before the
summary judgment, that the first amended motion for summary judgment did not provide the
required twenty-one days' advance notice of the summary-judgment hearing, and that his difficulty
in obtaining counsel prevented him from adequately presenting these and other complaints (including
evidence challenging the motion for summary judgment).

 Halfmann contends that he is entitled to the standard of review used for default
judgments because his failure to respond to the motion for summary judgment was the result of
accident or mistake. See Costello v. Johnson, 680 S.W.2d 529, 531 (Tex. App.--Dallas 1984, writ
ref'd n.r.e.); see also Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939)
(setting default-judgment standards). In Craddock, the court held that a new trial should be ordered
and the default judgment should be set aside when "the failure of the defendant to answer before
judgment was not intentional, or the result of conscious indifference on his part, but was due to a
mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed
at a time when the granting thereof will occasion no delay or otherwise work an injury to the
plaintiff." 133 S.W.2d at 126. However, "Craddock does not apply to a motion for new trial filed
after summary judgment is granted on a motion to which the nonmovant failed to timely respond
when the respondent had notice of the hearing and an opportunity to employ the means our civil
procedure rules make available to alter the deadlines Rule 166a imposes." Carpenter v. Cimarron
Hydrocarbons Corp., 98 S.W.3d 682, 683-84 (Tex. 2002).

 Here, Halfmann asserts that the primary reason for his failure to file a proper response
to the motion for summary judgment was his inability to obtain counsel to represent him. The failure
to hire counsel does not alone excuse Halfmann's failure to file a response because "[a] pro se
litigant is held to the same standards as a licensed attorney and must comply with applicable laws
and rules of procedure." Strange v. Continental Cas. Co., 126 S.W.3d 676, 677-78 (Tex.
App.--Dallas 2004, pet. denied) (citing Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85
(Tex. 1978)). We cannot make allowances for the fact that a plaintiff is not a lawyer. See Cohn, 573
S.W.2d at 185. Parties proceeding pro se must be required to comply with applicable laws and
procedure or else they would enjoy an unfair advantage over litigants with representation. In re
Estate of Dilasky, 972 S.W.2d 763, 766 (Tex. App.--Corpus Christi 1998, no pet.).

 The fact that Halfmann did not hire counsel between the time of his injury and the
deadline to file a response to summary judgment four years later does not show accident or mistake
in failing to file a response. Furthermore, as appellee correctly asserts, the rules of civil procedure
provided Halfmann an opportunity to obtain leave to file a late response to the summary-judgment
motion, see Tex. R. Civ. P. 166a(c), and to seek a continuance of the summary-judgment hearing,
see Tex. R. Civ. P. 251. He did neither. Halfmann's inability to obtain counsel until after the
summary-judgment hearing does not entitle him to a new trial under the Craddock test.

 Because Halfmann had notice of the hearing and the opportunity to alter the deadlines
imposed by Rule 166a, we will review the denial of his motion for new trial under an abuse of
discretion standard of review. See Carpenter, 98 S.W.3d at 683-84; see also Limestone Constr., Inc.
v. Summit Comm. Indus. Props., Inc., 143 S.W.3d 538, 542 (Tex. App--Austin 2004, no pet.). 
When a motion for new trial is overruled by operation of law, the question becomes whether the trial
court abused its discretion in allowing the motion to be overruled. Limestone, 143 S.W.3d at 542. 
A trial court abuses its discretion when it fails to correctly analyze or apply the law. Id. In matters
that are within the trial court's discretion, the test is whether the trial court acted arbitrarily or
without reference to guiding legal principles. Id.; see also Goode v. Shoukfeh, 943 S.W.2d 441, 446
(Tex. 1997).

 Halfmann's argument that the court should have given him a new trial because it
granted summary judgment before he had adequate time for discovery fails because of the nature of
this case. Halfmann complains that the discovery period had not passed when judgment was
rendered, arguing that the court's January 22, 2004 judgment was well before the default discovery
period expired on July 9, 2004 (nine months after he filed a discovery response, see Tex. R. Civ. P.
190.3(b)(1)(B)(ii)). However, rule 166a(i) requires only that an "adequate" time for discovery
pass--not a specified discovery period. This suit is for judicial review of administrative proceedings
on the same subject. More than four months after filing the suit, Halfmann had requested no
discovery; appellee asserted in its response to Halfmann's motion for new trial that he had not
initiated any discovery at that point. Absent any indication from the parties to the contrary, the court
could conclude without abusing its discretion that, considering the evidence produced at the
administrative level, Halfmann had adequate time at the trial level for discovery to counter a no-evidence motion for summary judgment.

 His complaint that the summary-judgment hearing occurred less than twenty-one days
after he received notice of the amended motion for summary judgment does not support reversal
because the summary judgment stands on the no-evidence ground. Halfmann waived his right to
complain of lack of notice by appearing at the hearing without raising this objection. See Luna v.
Estate of Rodriguez, 906 S.W.2d 576, 582 (Tex. App.--Austin 1995); see also Nguyen v. Short,
How, Frels & Heitz, P.C., 108 S.W.3d 558, 560 (Tex. App.--Dallas 2003, pet. denied). The no-evidence motion undisputedly was filed more than twenty-one days before the hearing. The
amended motion, containing a no-evidence section identical to the original no-evidence motion, was
filed twenty-one days before the hearing. The fact that the no-evidence portions of the two motions
are identical makes the timeliness of the filing of the amended motion immaterial. If the amended
motion was timely, the no-evidence ground was before the court; if the amended motion was
untimely, then the original motion is the live motion, and the no-evidence ground was before the
court. See Tex. R. Civ. P. 65. Either way, Halfmann had adequate notice of the no-evidence basis
for the motion that supports the summary judgment.

 Halfmann's struggle to obtain counsel does not demonstrate an abuse of discretion
in the denial of his motion for new trial. There is no showing of any statute, rule, or case-law that
required the district court to grant the motion for new trial. Nor does Halfmann make a compelling
argument that the court's decision is arbitrary or unreasonable. The denial of the motion for new
trial was within the district court's discretion. 


CONCLUSION


 Having overruled all three of Halfmann's issues on appeal, we affirm the judgment
of the district court.



 

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: October 14, 2005

1. Although Halfmann named Employers General Insurance Company as the defendant
below, Old Republic Insurance Company filed a verified denial that Employers was the proper
defendant. In its final judgment, the district court wrote that its decision was based on the motion
filed by Old Republic Insurance Company, "improperly named as Employers General Insurance
Company." To avoid confusion, we will refer to the insurance company as "appellee."
2. We nevertheless note that there is no indication that the court rendered summary judgment
for appellee on the basis that Old Republic, not Employer General, is the proper defendant.