02-10-414-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00414-CV

 

 


 
 
 Justin Trent Shackelford
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Cartercopters, LLC d/b/a Carter Aviation
 Technologies, LLC
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM County
Court at Law No. 2 OF Wichita COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.            
Introduction

     In two issues, Appellant Justin
Trent Shackelford appeals the trial court’s summary judgment in favor of Appellee
Cartercopters, LLC d/b/a Carter Aviation Technologies, LLC (Carter).  We
reverse and remand.

II.  Factual and Procedural
History

          As
this appeal’s genesis is an equitable bill of review revolving around the
question of service of process, a detailed factual recitation of the underlying
employment-based lawsuit is unnecessary.  Suffice it to say that employee
Shackelford and employer Carter parted ways with Carter claiming that
Shackelford owed it $19,000 in unearned, but paid, wages.  After parting ways,
Shackelford relocated to Massachusetts without providing forwarding information
to Carter.  In December 2008, Shackelford’s Massachusetts-based attorney,
Barbara Liftman, sent a letter to Carter’s chief executive officer that
challenged Carter’s position on their dispute and stated that Shackelford was
willing to pursue appropriate litigation in Texas through local counsel.  Liftman
also expressly stated the she was not licensed in Texas and that she would not
be representing Shackelford in any action that Carter brought against him in Texas. 


          On
January 16, 2009, Carter filed suit against Shackelford, listing Shackelford’s
address as 333 Howard Street, Northborough, Massachusetts—the address on a
lease signed by Shackelford.  Because Shackelford lived out of state, Carter
forwarded the petition to the Texas Secretary of State’s Office for service.  The
citation and original petition forwarded by the secretary of state to
Shackelford at the 333 Howard Street address was returned by the United States
Postal Service (USPS) as “Refused” on February 6, 2009.  Thereafter,
Shackelford failed to answer or otherwise timely appear, and on May 1, 2009,
the trial court entered a default judgment in Carter’s favor.  Several days
later, Carter forwarded a copy of the judgment to Liftman.  Liftman told Carter
that she had attempted to contact Shackelford but that he had moved and had not
left a forwarding address.  According to Shackelford, on September 20, 2009, a
friend informed him that an internet search revealed his name in connection
with a lawsuit, prompting Shackelford to conduct his own internet search and to
discover the default judgment that had been entered against him.  The following
day, he contacted Liftman, who informed him that she had received a copy of the
judgment but had not been able to contact him.  She advised him to obtain Texas
counsel.

          Shackelford
began looking for attorneys in Wichita Falls to represent him in this matter. 
On October 15, 2009, he first communicated with his present counsel. 
Shackelford’s Texas counsel filed a petition for bill of review on December 30,
2009, asserting that because Shackelford had not been properly served, the
default judgment should be set aside.  Shackelford supported his bill with his
own affidavit.  He asserted that there were two dwelling units located at 333
Howard Street, a main house and a guest house, and his mail carrier had
instructed him to use 333B Howard Street as his address at the main house to
distinguish it from the guest house, which continued to be denominated 333
Howard Street.  He supported this with his bank statements from November 2008
to January 2009, which were addressed to 333B Howard Street.  He further
claimed that he had not refused or instructed his household members to refuse
certified mail and that he had never been served with the suit papers.  Shackelford
subsequently vacated the premises and moved to Rye, New Hampshire in February
2009.

          In
July 2010, after discovery, Carter moved for summary judgment because,
according to Carter, “Shackelford simply cannot show, inter alia, (1) lack of
proper service, or (2) his own diligence in setting the default judgment aside.”
 The trial court, without specifying the grounds, granted Carter’s summary judgment. 
This appeal followed.

III. 
Summary Judgment

          In
two issues, Shackelford claims that the trial court erred by granting summary
judgment because he raised a material fact issue on (1) whether he was
effectively served with process prior to the default judgment and (2) whether
he was diligent in pursuing post-default remedies.

A.  Standard of Review

The
review of a grant of summary judgment on a petition for bill of review is the
same standard of review as for grants of summary judgment in other types of
cases.  See Wolfe v. Grant Prideco, Inc., 53 S.W.3d 771, 773 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied).  That is, we review a summary
judgment de novo.  Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862
(Tex. 2010).  We consider the evidence presented in the light most favorable to
the nonmovant, crediting evidence favorable to the nonmovant if reasonable
jurors could, and disregarding evidence contrary to the nonmovant unless
reasonable jurors could not.  Mann Frankfort Stein & Lipp Advisors, Inc.
v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.  20801, Inc. v.
Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  Frost Nat’l Bank v. Fernandez, 315
S.W.3d 494, 508 (Tex. 2010), cert. denied, 131 S. Ct. 1017 (2011); see
Tex. R. Civ. P. 166a(b), (c).

B.  Bill of Review

          A
party seeking relief under a bill of review must show the following:  (1) a
meritorious defense to the underlying cause of action; (2) which he was
prevented from making by the fraud, accident, or wrongful act of the opposing
party or official mistake; and (3) unmixed with any fault or negligence on his
own part.  Baker v. Goldsmith, 582 S.W.2d 404, 406–07 (Tex. 1979).  Non-service
of process, however, lessens the required showing:

          Bill
of review plaintiffs claiming non-service, however, are relieved of two
elements ordinarily required to be proved in a bill of review proceeding. 
First, if a plaintiff was not served, constitutional due process relieves the
plaintiff from the need to show a meritorious defense.  Second, the
plaintiff is relieved from showing that fraud, accident, wrongful act or
official mistake prevented the plaintiff from presenting such a defense.  

 

          Bill
of review plaintiffs alleging they were not served, however, must still prove
the third and final element required in a bill of review proceeding that the
judgment was rendered unmixed with any fault or negligence of their own. In Caldwell, we said
this third and final element is conclusively established if the plaintiff can
prove that he or she was never served with process.  An individual who is not
served with process cannot be at fault or negligent in allowing a default
judgment to be rendered.  Proof of
non-service, then, will conclusively establish the third and only element that
bill of review plaintiffs are required to prove when they are asserting lack of
service of process as their only defense.

 

          .
. . . 

 

In sum, when a
plaintiff seeks a bill of review based solely on a claim of non-service, the
bill of review procedure outlined in Goldsmith must be slightly
modified.  When a plaintiff claims lack of service, the trial court should: (1)
dispense with any pretrial inquiry into a meritorious defense, (2) hold a
trial, at which the bill of review plaintiff assumes the burden of proving that
the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in
allowing a default judgment to be rendered, and (3) conditioned upon an affirmative
finding that the plaintiff was not served, allow the parties to revert to their
original status as plaintiff and defendant with the burden on the original
plaintiff to prove his or her case.

 

Caldwell
v. Barnes, 154 S.W.3d 93, 96–97 (Tex. 2004) (citations omitted).

          A
bill of review must be brought within four years of the date of the challenged
judgment absent a showing of extrinsic fraud.   See Caldwell v. Barnes,
975 S.W.2d 535, 538 (Tex. 1998) (holding residual four-year statute of
limitations in civil practice and remedies code section 16.051 applies to bill
of review); PNS Stores, Inc. v. Rivera, 335 S.W.3d 265, 276 (Tex. App.—San
Antonio 2010, pet. filed) (noting only exception to four-year limitations
period for bill of review is when petitioner proves extrinsic fraud); Manley
v. Parsons, 112 S.W.3d 335, 338 (Tex. App.—Corpus Christi 2003, pet.
denied) (holding same); Defee v. Defee, 966 S.W.2d 719, 722 (Tex. App.—San
Antonio 1998, no pet.) (same); see Tex. Civ. Prac. & Rem. Code Ann.
§ 16.051 (West 2008).

C.  The Texas Long Arm
Statute

          Section
17.044 of the civil practice and remedies code designates the secretary of state
to be the agent of a nonresident for service of process if the nonresident “is
not required to designate an agent for service in this state, but becomes a
nonresident after a cause arises in this state but before the cause is matured
by suit in a court of competent jurisdiction,” which is the situation here. 
Tex. Civ. Prac. & Rem. Code Ann. § 17.044 (West 2008).  The service-of-process
documents provided to the secretary of state by a plaintiff must contain the
name and address of the non-resident’s home or home office.  See Id. § 17.045(a)
(West 2008).  And, “there must be proof that the address to which the Secretary
sent the citation was the defendants’ home address or home office.”  Barnes
v. Frost Nat’l Bank, 840 S.W.2d 747, 750 (Tex. App.—San Antonio 1992, no writ)
(Peeples, J., concurring).  Upon receipt of a petition against a nonresident,
the secretary of state is required to immediately mail a copy of the process to
the nonresident.  See Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a). 
Service is normally complete upon receipt by the secretary of state.  See
Whitney v. L & L Realty Corp., 500 S.W.2d 94, 96 (Tex. 1973).  But
if the secretary of state sends the citation and copy of the petition to the
nonresident defendant using an incorrect address for the defendant, then a
default judgment rendered against that defendant should be set aside.  See Royal
Surplus Lines Ins. Co. v. Samaria Baptist Church, 840 S.W.2d 382, 383 (Tex.
1992).

D.  USPS Attempted Delivery
Nomenclature

          USPS
uses various designated terms when mail is unsuccessfully attempted to be
delivered, such as “Refused,” “Unclaimed,” “Moved Left No Address,” “Attempted
Not Known,” and “Return to Sender—Insufficient Address.”  See Orgoo, Inc. v.
Rackspace US, Inc., 341 S.W.3d 34, 42 & n.9 (Tex. App.—San Antonio
2011, no pet.); Walters v. Clark, No. 01-99-01424-CV, 2001 WL 282771, at
*2 (Tex. App.—Houston [1st Dist.] Mar. 22, 2001, no pet.) (not designated for
publication); Barnes, 840 S.W.2d at 750.  In this case, we are concerned
with mail returned as “Refused.”[2]  As
it applies to the case before us,

[t]he law
makes no presumption favoring valid issuance, service, and return of citation
in a default judgment case.  Uvalde Country Club v. Martin Linen Supply
Company, 690 S.W.2d
884, 885 (Tex. 1985).  At a minimum the certificate of service must affirmatively show
notice given.  An unclaimed letter from the Secretary of State’s office
can hardly further the aim and objective of the long-arm statute, which is to
provide reasonable notice of the suit and an opportunity to be heard.

 

          We see a distinction between “unclaimed” mail and
“refused” mail.  If a defendant
were to know of the existence of certified mail and refuse to accept it,
this would tend to show the defendant did in fact have notice.  On the other
hand, “unclaimed” could very well mean that the plaintiff gave the Secretary of
State the wrong address for the defendant, in which case the defendant would
not receive notice, due process would not be observed, and a plaintiff could
pervert the process by giving incorrect addresses. . . .  The defendant cannot
thwart service by refusing certified mail.

 

Barnes, 840
S.W.2d at 750.

E.  Analysis

          1.  Service of
Process

          The
facts here present a unique situation. While Carter was required to provide the
secretary of state with a correct address, a fact question is presented by the
evidence, not as to whether the address was correct in the normal sense, but as
to whether it was correct in the sense of being complete.  It is undisputed
that the property containing the main house and guest house was 333 Howard
Street, but some evidence was presented to create a fact issue as to whether Shackelford’s
address was 333 or 333B Howard Street.[3]

There
is also a basic and fundamental fact question about notice of the suit and
whether a purported lack of notice was due to Shackelford’s actions.[4]  He
averred in his affidavit that he had never refused, nor instructed anyone to
refuse, “suit papers,” and yet the postal service returned the suit papers
marked as “Refused,” indicating that Shackelford refused to accept this mail.  And,
although the postal stamp of “Refused” is generally conclusive and would otherwise
resolve this appeal in Carter’s favor, if the address that Carter provided to
the secretary of state was not correct in the sense that it was incomplete, then
failure of service occurred and Shackelford would prevail.  See Barnes, 840
S.W.2d at 750; see also Royal Surplus Lines Ins. Co., 840 S.W.2d
at 383.  Therefore, because there is a fact issue as to whether Shackelford’s
USPS-recognized mailing address was 333 or 333B Howard Street, and because it
is necessary to determine Shackelford’s correct address before the legal effect
of Carter’s service at the secretary of state’s office and the return of
“Refused” can be assessed, summary judgment was improper, and we sustain
Shackelford’s first issue.

2. 
Due Diligence

          In
his second issue, Shackelford argues that because he filed his bill of review
within the four-year limitations period, the trial court erred by granting
Carter’s summary judgment motion.  We agree.

          Both
in its motion for summary judgment and on appeal, Carter cited a single case, Conrad
v. Orellana, 661 S.W.2d 309 (Tex. App.—Corpus Christi 1983, no writ), to
support its argument that Shackelford did not use due diligence in his efforts
to submit a bill of review.  But Conrad is factually distinguishable. 
In Conrad, the court of appeals held that a defendant that had
received proper service of process and had filed a general denial but then
failed to appear at trial, in person or through an attorney, could not file a
bill of review challenging the judgment against her because (1) there was
evidence that her attorney received notice of the hearing, the defendant did
not file a motion for new trial or perfect an appeal, and the judgment was in
accordance with the pleadings, (2) because “all matters of fact in law were submitted
. . . for the [trial] court’s determination,” and (3) because the trial court
held that the facts and law were in the plaintiff’s favor.  Id. at
311–12.  Here, whether Shackelford received proper notice is in dispute, no
answer was filed, and a default judgment was granted.  Thus, Conrad is
inapposite, and we conclude that Shackelford’s bill of review, submitted within
the four-year limitations period, was timely.  Accordingly, we hold that the
trial court erred to the extent that it based summary judgment in Carter’s
favor on its argument that Shackelford did not exhibit due diligence in
pursuing his bill of review.  We sustain Shackelford’s second issue.

IV. 
Conclusion

          Having
sustained both of Shackelford’s issues, we reverse the trial court’s summary
judgment and remand this cause to the trial court.

 

 

BOB MCCOY
JUSTICE

 

PANEL:  WALKER and MCCOY, JJ.; and  WILLIAM BRIGHAM
(Senior Justice, Retired, Sitting by Assignment).

 

DELIVERED: August 31, 2011









[1]See Tex. R. App. P. 47.4.





[2]According to the USPS
Domestic Mail Manual, this designation means, “Addressee refused to accept mail
or pay postage charges on it.”  United States Postal Service, Domestic Mail
Manual, § 507(1.4.1), available at http://pe.usps.gov/text/dmm300/507.htm#1113039
(last visited Aug. 18, 2011); see also 39 C.F.R. 111.1 (2005).





[3]We note that Shackelford
asserts that he was instructed by a postal representative to use 333B as his
mailing address and submitted bank statements addressed to him at that address
as evidence.  We also note that section 507(1.2.4) of the USPS Domestic Mail
Manual states that “[r]ecords of address changes caused by USPS adjustments are
kept by the local Post Office for 3 years,” and, therefore, any postal service
adjustment to Shackelford’s address may be on record at the post office branch
serving 333 Howard Street.  See United States Postal Service, supra
note 2, § 507(1.2.4).





[4]Although Carter argues
that the lease and the fact that an August 20, 2009 letter addressed to
Shackelford and returned “Shackelford Moved Left No Address” shows that
Shackelford lived at 333 Howard Street, this fact does not resolve that a fact
issue has been raised.