### In re ESTATE OF Jose Pasol DILASKY, Deceased.

#### No. 13–96–445–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 12, 1998.

Isaac Pasol, Brownsville, for appellant.

Peter C. Gilman, Brownsville, J. Edward Mann, Jr., Harlingen, Maria Estella Perez, Brownsville, Robert B. McLeaish, McAllen, R.W. Armstrong, R.W. Armstrong & Associates, Brownsville, for appellee.

Before DORSEY, YANEZ and RODRIGUEZ, JJ.

## OPINION

YANEZ, Justice.

Isaac Pasol Levitas perfected an appeal from a judgment entered on May 31, 1996 in a matter styled *In re Estate of Jose Pasol Dilasky,* Cameron County Court at Law No.2, cause number 25,143–B. The appellee is Ed Mann, who served as the administrator of the estate. Mann has filed a motion requesting that we dismiss the instant appeal because appellant has not filed a brief after appellant's initial brief was stricken. Mann has also asked that we assess damages against appellant pursuant to former Texas Rule of Appellate Procedure 84 (now rule 45) and issue an anti-suit injunction against appellant, requiring him to first obtain leave of this Court before filing any other lawsuits, motions, or petitions for mandamus stemming from the probate of his father's will. We will dismiss the appeal and enjoin appellant as requested by Mann, but decline to assess any damages against appellant.

Appellant, representing himself *pro se,* has engaged in protracted litigation centering around the attempted probate of his father's will, which action commenced in 1987. Jose Pasol Dilasky was found to have died intestate, with appellant and his three siblings as the only heirs. In a related cause of action, Cameron County filed suit to assert an ownership interest in some real property alleged by the Pasols to be part of the estate. The county claimed it had purchased the property after it was foreclosed upon and sold at an auction to satisfy a tax deficiency owed to the United States Internal Revenue Service. However, appellant claimed that he had conveyed his 1/4 interest in the estate, which included said property, to his wife, who then had conveyed it to her and appellant's daughter in September 1989. Approximately three years later, appellant's daughter, by warranty deed and vendor's lien dated July 21, 1992, conveyed the property to MI.AA.DO, Inc. for a purported $5,000,000. The parties settled their claims to this property by agreement dated May 28, 1996, wherein Cameron County was to pay $100,000 to the estate for said property, and the Pasols would not assert any claim of ownership of said property, relinquishing any and all interest they may have had in said property.[1] Three days later, on May 31, 1996, the judgment challenged by the present appeal was entered, which, broadly speaking, set out what parcels of property were part of the estate, and ordered the estate distributed to Jose Pasol Dilasky's four heirs.

Appellant has since brought several lawsuits against most of the persons involved in the underlying matters, from judges, attorneys, and family members, to support staff. In the instant appeal alone, appellant has filed approximately thirty motions with this Court, plus others in the Texas Supreme Court requesting various unconventional forms of relief. On April 22, 1997, appellant filed his brief in the appeal of the instant matter. The brief failed to comply with the briefing rules contained in the Texas Rules of Appellate Procedure, as well as the local rules of this Court.

On August 21, 1997, Mann filed a motion requesting this Court to order appellant to rebrief. On September 25, 1997, we ordered appellant's brief stricken, and we instructed him to file a new brief in compliance with the rules of appellate procedure on or before October 27, 1997. Appellant did not file any brief in compliance with our order. Instead, he filed a motion to recuse the justices of this Court who ordered the brief stricken on the ground that they had become parties to the action by ordering his brief stricken without any prior request by Mann. The non-participating judges of this Court have denied that motion.

On November 7, 1997, Mann moved to strike the appeal due to appellant's failure to file a brief. Mann also filed a motion for damages for delay caused by appellant, pursuant to appellate rule of procedure 84. TEX. R.APP. P. 84 [2] (enabling appellate court to award a prevailing appellee, as part of a judgment, an amount not to exceed ten times the total taxable costs as damages if the reviewing court determines that the appeal was taken for delay and without sufficient cause). Although the cause was to have been submitted on November 19, 1997, we were unable to hear arguments because there was no brief filed in the cause. On November 24, 1997, Mann filed a post-submission motion requesting this Court to issue an injunction against Isaac Pasol Levitas, ordering him to first obtain permission from this Court before being allowed to proceed in any action against any parties related to the administration of his father's estate.

We note initially that, as a matter of course, this Court has stricken briefs when they failed to meet the requirements of the rules of appellate procedure. Indeed, our

---

1. An agreed final judgment in that action was entered on June 5, 1996, and signed by Peter Gilman of behalf of appellant.

2. *Amended* August 15, 1997 (current version at TEX.R.APP. P. 45). The current rule states, "If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals."

local rules state "the briefing rules set forth in the Texas Rules of Appellate Procedure will be strictly enforced." 13TH TEX.APP. (CORPUS CHRISTI) LOC. R. 4. A party representing himself *pro se* is expected to comply with applicable laws and procedure. *Brown v. Texas Employment Comm'n,* 801 S.W.2d 5, 8 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Kimmell v. Leoffler,* 791 S.W.2d 648, 652 (Tex.App.—San Antonio 1990, writ denied); *Kanow v.Brownshadel,* 691 S.W.2d 804, 806 (Tex.App.—Houston [1st Dist.] 1985, no writ). If *pro se* litigants were not required to comply with applicable procedural rules, they would be given an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978).

Our decision to strike appellant's brief accords with our longstanding practice and stated policy. *See* 13TH TEX.APP. (CORPUS CHRISTI) LOC. R. 4; *see also Resendez v. Schwartz,* 940 S.W.2d 715, 716 (Tex.App.—El Paso 1997, n.w.h.) (appellate court possesses authority to dismiss an appeal for want of prosecution when appellant does not file his brief in time prescribed, and gives no reasonable explanation for such failure), *and Celotex Corp. Inc. v. Gracy Meadow Owners Assoc., Inc.,* 847 S.W.2d 384, 385 n. 1 (Tex.App.—Austin 1993, writ denied). An appellate court may dismiss an appeal for want of prosecution when an appellant fails to file a brief within the time prescribed and gives no reasonable explanation for the failure, or fails to comply with or respond to a court order. *Bauer v. Jasso,* 946 S.W.2d 552, 554 (Tex.App.—Corpus Christi 1997, no writ). Because appellant has not filed any brief in this matter, and because he has not provided an adequate explanation as to why no brief has been filed, we will dismiss this appeal for want of prosecution.

### ANTI-SUIT INJUNCTION & DAMAGES

We next address Mann's request that we enjoin appellant from pursuing further legal actions in this matter and award damages for a frivolous appeal.

It has become increasingly apparent to this Court that appellant, usually representing himself *pro se,* is filing lawsuits in various Cameron County trial courts, as well as motions in this Court and the Texas Supreme Court which are, at best, ill-advised, and, more often, groundless. By our latest count, appellant has filed at least seven lawsuits, appealed three judgments to this Court, and filed eight mandamus actions. After due consideration, all mandamus actions have been denied. The two other appeals have been abated.

In his motion for damages, Mann listed no less than seven lawsuits filed by appellant, all of which stem from the administration of the estate of Jose Pasol Dilasky and the related suit to quiet title to property once owned by the deceased. Among the persons and entities named as defendants in these lawsuits are Cameron County, its attorneys, three Cameron County judges, a former state judge, appellant's own former attorney and his staff, the administrator of his father's estate, the administrator's attorney, the heirs of his father's estate, the judge presiding over the estate as well as that judge's attorney, his attorney's wife and secretaries. Mann has also attached as exhibits agreed judgments and settlement agreements signed by appellant, wherein he agreed that all claims related to the estate were final. In the instant case, appellant signed the judgment which set out division and distribution of the estate, and evidenced the parties' decision to execute a settlement agreement releasing and discharging all claims, demands, and causes of action against each other, their heirs, representatives or assigns. Mann also attached the settlement agreement in the related suit, agreed to and signed by Isaac Pasol Levitas, relinquishing his claims to certain real property previously owned by the estate.

Notwithstanding the judgments and settlement agreements, appellant has continued to pursue his untimely arguments in both the trial courts and in this Court. In the course of his three appeals, eight mandamus actions, and countless motions, appellant has impugned the integrity and competency of the presiding judges. He has accused all of the attorneys and judges, involved in the attempted probate of his father's will and the quitclaim suit, together with the administra-

tor of his father's estate, and the estate's other heirs of collusion, fraud, and countless other acts of conspiracy. Indeed, appellant accused the justices of this Court of becoming parties for striking his brief *sua sponte.* Appellant makes this assertion despite the fact that our own local rules clearly state that we will adhere strictly to the briefing requirements of the rules of appellate procedure.

 Under limited circumstances, Texas state courts have the power to restrain persons from proceeding with suits filed in other courts of this state. *Gannon v. Payne,* 706 S.W.2d 304, 305 (Tex.1986). An anti-suit injunction is appropriate in four instances: (1) to address a threat to the court's jurisdiction; (2) to prevent the evasion of important public policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from vexatious or harassing litigation. *Golden Rule Ins. Co. v. Harper,* 925 S.W.2d 649, 651 (Tex.1996); *Gannon,* 706 S.W.2d at 307; *University of Texas v. Morris,* 162 Tex. 60, 344 S.W.2d 426, 428 (1961); *Fina Oil & Chem. Co. v. Alonso,* 941 S.W.2d 287, 290 (Tex.App.—Corpus Christi 1996, no writ). Delay and expense of litigation, as well as the time required to settle the issues, are factors which may be considered in determining whether a court should issue an injunction. *Repka v. American Nat. Ins. Co.,* 143 Tex. 542, 186 S.W.2d 977, 980 (1945); *Owens–Corning Fiberglas Corp. v. Baker,* 838 S.W.2d 838, 841 (Tex. App.—Texarkana 1992, no writ); *cf. Gannon,* 706 S.W.2d at 307–08 (the incurrence of expenses in pursing parallel litigation alone is not sufficient reason for granting an injunction). The instant situation presents such extraordinary circumstances.

 It is apparent to this Court that appellant, by filing increasingly multiplicitous and duplicitous lawsuits, is attempting to relitigate matters which have been finally determined or are presently on appeal and, in the process, is suing those persons who interfere with his efforts. We consider this to be vexatious and harassing litigation. Indeed, in one of appellant's latest motions, he contends that the history of Cameron County judges is terrible because "they are crooks, alcoholics, and out of their mind to rule."

Such assertions exceed the bounds of acceptable hyperbole, and instead amount to no more than the categorical and unsubstantiated character assassination of countless judges. We see no place in the courts of this state for such vexatious and purposeless assertions.

Moreover, by our observation of his various pleadings, we cannot help but observe that appellant's complaints, to the extent that they are not foreclosed, have not been properly presented. Many of his motions are not clear in either their argument or in the relief requested. This may be due to the fact that appellant's grasp of the English language is allegedly tenuous. However, we note from the record that appellant continues to represent himself, and has terminated his prior attorneys, suing at least one. To the extent that appellant chooses to pursue any claims related to the estate of Jose Pasol Dilasky, appellant would be ill-advised to continue representing himself in these matters.

We hereby order that Isaac Pasol Levitas be permanently enjoined from maintaining any suit or seeking any relief, or filing any new suit, in the State of Texas court system against Ed Mann, individually or as the Administrator of the estate of Jose Pasol Dilasky, his attorneys, R.W. Armstrong, the legal staff or the law offices of Ed Mann and R.W. Armstrong, any heir of the Estate of Jose Pasol Dilasky, Deceased, their legal representatives or attorneys and/or judges who have heard matters relative to the administration of the Estate of Jose Pasol Dilasky, Deceased, for their conduct in relation to the above estate, without first obtaining written permission from the 13th Court of Appeals.

 However, because we are taking the extraordinary step of enjoining appellant from continuing to use the courts of this state to pursue what appear to be personal vendettas rather than cognizable, viable legal claims, we decline to also sanction appellant for appealing the original, underlying judgment. Because appellant's brief was stricken and no subsequent brief filed, we will not engage the merits of a matter that is not actually before us, nor will we speculate as to

the frivolity of such argument, although it appears that it may have been frivolous.

We hereby GRANT appellee's motion to strike this appeal, GRANT appellee's request for injunctive relief, DENY appellee's motion for damages, and DISMISS this appeal for want of prosecution.