# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00681-CV

Rosemary C. Steinbrecher, Appellant

v.

John Steinbrecher, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. GN101701, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a default judgment entered against Rosemary Steinbrecher ("appellant") and Jerome Steinbrecher.  In four issues, Rosemary Steinbrecher appeals *pro se*,[1] challenging the jurisdiction of the district court to render its decision and contending that the evidence is legally and factually insufficient to support its order.  We affirm.

Appellee John Steinbrecher brought an action pursuant to section 23.001 of the property code, *see* Tex. Prop. Code Ann. § 23.001 (West 2000), seeking the partition by sale of a 13.885-acre tract of land in Travis County, which he owns as a tenant in common with his siblings,

---

[1] Litigants choosing to act *pro se* must comply with the applicable procedural rules and are held to the same standards that apply to licensed attorneys. *See In re Estate of Dilasky*, 972 S.W.2d 763, 766 (Tex. App.—Corpus Christi 1998, no pet.); *Greenstreet v. Heiskell*, 940 S.W.2d 831, 834-35 (Tex. App.—Amarillo 1997, no writ).  To treat the *pro se* litigant differently would accord an unfair advantage over litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

Rosemary and Jerome. The petition alleged that John, Rosemary, and Jerome are brothers and sister and the sole heirs of their father, Francis J. Steinbrecher. John attached to the petition: (i) a copy of an order declaring heirship that was entered in the Circuit Court of Cook County, Illinois, County Department, Probate Division, on March 6, 1991; and (ii) documents containing the legal description of the land. At the time of his death, Francis Steinbrecher owned the unimproved tract of land. As his sole heirs, the three parties to this lawsuit each own a one-third undivided interest in the land. Because the property has little road frontage and is narrow and deep, the petition alleged that a fair and equitable division of the property could not be made and that the property is incapable of partition in kind.

Neither Rosemary nor Jerome filed an answer or appeared. The district court rendered an interlocutory default judgment on January 8, 2002, finding that the property was incapable of partition in kind and that a fair and equitable division of the property in kind could not be made, and that John was entitled to have the property partitioned by sale. The court determined that a receiver should be appointed to sell the property.

On February 11, 2002, appellant filed a Motion to Vacate Interlocutory Default; Allow Answer, Counterclaim and Cross Claim, and Accept Evidence of Divisibility or Partition in Kind. At a hearing on the motion on April 3, appellant failed to adduce any evidence to demonstrate her entitlement to a new trial. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Following a motion to reconsider that was denied, a receiver was appointed to sell the property. An interlocutory order appointing a receiver is appealable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (West 1997). Appellant filed this appeal.

2

## DISCUSSION

By her first two issues, appellant challenges the jurisdiction of the court to render the default judgment. She first challenges the court's authority to assume jurisdiction when, if she had filed an answer, "jurisdiction would not be clear or gained at all." She then challenges the court's exercise of jurisdiction because the record does not establish that the court had jurisdiction "and that the case is ripe for judgment." Without presenting evidence or otherwise complying with the *Craddock* factors for a new trial,[2] appellant urged before the district court and now on appeal that John failed at the default judgment hearing to present proof of ownership of the property, or that her father owned clear title to the property.

Default judgments are based on the plaintiff's pleadings. A default judgment on an unliquidated claim admits all allegations of facts set out in the petition, except the amount of damages. *Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex. 1979); *Jackson v. Biotectronics, Inc.*, 937 S.W.2d 38, 41 (Tex. App.—Houston [14th Dist.] 1996, no writ) (op. on reh'g). If the facts set out in the petition allege a cause of action, a default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). The petition must

---

[2] After suffering a default judgment for failing to answer or to appear, the defendant may move for a new trial on the equitable grounds of excusable mistake or accident. The court will vacate the judgment if the defendant makes the three-part evidentiary showing prescribed by *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). To satisfy the *Craddock* test, the defendant must show that: defendant's failure to answer or appear was not intentional or due to conscious indifference, but rather was due to a mistake or accident; defendant has a meritorious defense; and granting the new trial will not occasion a delay or otherwise operate as an injury to plaintiff. *Id.* at 126; s*ee also Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81 (Tex. 1992). Although appellant argued that she was occupied with other lawsuits between the parties, she failed to make the evidentiary showing required to establish—or raise—the existence of any of the three factors.

attempt to state a cause of action, give fair notice of the claim, and not affirmatively disclose facts that defeat relief. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988). Having reviewed the original petition, we find that it properly alleges an action to partition the property by sale in the district court of the county in which the property is located and that jurisdiction is proper. *See* Tex. Prop. Code Ann. § 23.002 (West 2000).

By defaulting, appellant admitted all of the allegations in the petition, including:

- that the parties to the case own the property as sufficiently described on exhibit attached to petition as tenants in common;

- that the parties are brothers and sister and the sole heirs of Francis J. Steinbrecher, deceased, the prior owner of the property, and that a copy of an order determining heirship was attached to the petition;

- that each party owned a one-third undivided interest;

- that John was entitled to have the property partitioned; and

- that the property was not capable of being partitioned in kind.

Because appellant failed to answer and a default judgment was rendered, the allegations of the facts in the petition and liability are deemed admitted. We overrule appellant's first and second issues.

Appellant's third issue is similar to the first and second issues. She complains that, in entering a default judgment, the district court "found" facts without receiving "new evidence." Her complaint seems to be that there was no evidence offered to the district court when the interlocutory default judgment was rendered. This contention is without merit. It is not necessary for the court to hold an evidentiary hearing unless damages are sought. Tex. R. Civ. P. 243. The

4

petition does not seek damages. Thus, the facts as alleged are admitted, further proof is not required at the default judgment hearing, and the judgment is supported by the pleadings and the record.

As her fourth issue, appellant contends that a judicial sale of the property is ill-advised because the bidding at the sale will be "chilled and stifled." She urges here, as she did in the hearing on her motion to vacate before the district court, that the property has greater value as three parcels than if it is sold as a single parcel: "The fact that the City of Austin requires no subdivision requirements for partition in kind further enhances the value of separate parcels over the whole." She also contends that there is no proof to support the petition's allegation that the property is not capable of being partitioned in kind. But again, this is a challenge to the facts alleged in the petition, which are admitted due to her default. Appellant's fourth issue is overruled.

## CONCLUSION

Having concluded that the district court properly exercised its jurisdiction over this action for partition and that appellant failed to make the evidentiary showing required by the *Craddock* decision, we overrule appellant's issues and affirm the judgment.

_____

Jan P. Patterson, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:  June 5, 2003

5