NUMBER 13-04-676-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

JAMES R. HARRIS, ET AL.,                
                     Appellants,

 

                                                             v.                                

 

GUERRA & MOORE, LTD., L.L.P.,                                       Appellee.

 

                             On
appeal from the County Court at Law No. 3 

                                                of
Hidalgo County, Texas.

 

                               MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez 

                            Memorandum
Opinion by Justice Yañez

 








This is an interlocutory appeal of an anti-suit
injunction[1]
in a suit for declaratory judgment involving appellee, Guerra & Moore,
Ltd., L.L.P.=s claim for tortious interference.  In the underlying suit, appellee contends
that appellants, James R. Harris, Andrew M. Greenwell, Harris & Greenwell,
L.L.P., and David Burkett, tortiously interfered with appellee=s attorney-client relationship with its clients,
Gerardo Perez and his family, regarding claims arising from the death of Anabel
DeLeon.  In seven issues, appellants
generally contend that the trial court abused its discretion in granting the
anti-suit injunction.  We agree, and
reverse and remand.

As this is a memorandum opinion and the parties are
familiar with the facts, we will not recite them here except as necessary to
advise the parties of our decision and the basic reasons for it.[2]


                                                                  Background

This case involves numerous lawsuits and proceedings
within those lawsuits.  The record before
us contains references to, and documents from, many but not all, of the
lawsuits.  In the interest of clarity, we
briefly identify the various lawsuits involved:

1)  The parties refer to the ATitan Tire@
case, which was a multi-plaintiff
Duval County lawsuit that was settled in February 2000.  Although the record before us contains no
documents from this case, it appears that one of the plaintiffs was Gerardo
Perez, represented by Guerra & Moore. 


 

2)  Cause no.
98-61475-3, filed in County
Court-at-Law No. 3 in Nueces County, styled Dan Alfaro, Individually and
D/B/A Law Offices of Dan Alfaro & Associates, and Jose AShorty@ Adalberto DeLeon v. J. Michael Moore and Cornelio
Garza.  The Alfaro lawsuit alleges that Alfaro
executed a contract to represent Maria del Rosario and Guadalupe B. Garcia  regarding the wrongful death of their
son.  It alleges that Defendant Cornelio
Garza visited the Garcias, took them to the office of J. Michael Moore, and
induced them to breach their contract with Alfaro for representation. 

 








3)  The
present cause, trial court Cause no. CL-32,460-A (later transferred to County Court-at-Law No. 5 as CL-32,460-E),
filed in Hidalgo County
on July 22, 1999.  In this suit, Guerra & Moore sued Bobby
Garza, Burkett & Beam, L.L.P., Stephen L. Burkett, Individually and Patrick
L. Beam, Individually, alleging tortious interference with Guerra & Moore=s 
representation of Gerardo Perez. 
Immediately after the suit was filed, on July 23, 1999, Guerra &
Moore obtained a temporary restraining order prohibiting Bobby Garza, Burkett
& Beam, L.L.P., Stephen L. Burkett, Individually and Patrick L. Beam,
Individually, from contacting Gerardo Perez and his family.  This TRO expired in August 1999.  

Appellant David Burkett was added to this suit as a
defendant on September 2, 2004.  Appellants
Greenwell, Harris, and Harris & Greenwell, L.L.P. were added as defendants
on September 21, 2004.      

 

4)  In Cause number 98-08-17359,
represented by Harris & Greenwell, 
the Perez family filed a AMotion for Appointment of Auditor and Other Relief@ on August 22, 2002, in the 229th district court in
Duval County.  The action was styled
Sara Ramirez, et al. v. Robert Elizondo, Administrator of the Estate of Hugo Raphael
Gutierrez, Deceased, and Pirelli Tire Corporation and Gerardo Perez, Jr.,
Individually and as Next Friend of Crystal Monique De Leon, Kimberly Nicole
Perez and Gerardo Perez, Jr., Minor Children, and Maria Luisa Perez, Plantiffs
v. Carlos L. Guerra and J. Michael Moore, Individually and D/B/A Guerra &
Moore, Ltd., L.L.P., G&M Esquires, P.C., J. Michael Moore, P.C., and/or as
Successor-in-Interest to Guerra & Moore. L.L.P.  The motion alleges that  attorney fees in excess of the contractual
amount were withheld from funds distributed to the Perezes.  The Duval County court eventually dismissed
cause number 98-08-17359 on January 21, 2004.

 

5)  Cause
number 43,065-B, filed in County
Court-at-Law No. 2, in Hidalgo County, Texas, styled Guerra & Moore, Ltd.,
L.L.P., Carlos L. Guerra, and Michael Moore v. James R. Harris, Harris &
Greenwell, L.L.P., Gerardo Perez, Individually and as Next Friend to Crystal
Monique De Leon, Kimberly Nicole Perez, and Gerardo Perez, Jr., Minors, and
Maria Luisa Perez.  The record before
us does not contain a petition in  cause
no. 43,065-B.  The record does contain,
however, an anti-suit injunction dated February 27, 2004, in which Judge
Palacios enjoined the defendants from filing claims in any other court
concerning matters relating to the AMotion for Appointment of Auditor@ filed by the defendants in cause no. 98-08-17359 in
the 229th District Court in Duval County. 
Thus, the February 27, 2004 anti-suit injunction requires any claims by
appellants concerning distribution of monies to the Perezes to be filed in
Judge Palacios=s court.  

 

6)  Cause no.
04-61603-1, filed on August 11,
2004, in County Court-at-Law No. 1 in Nueces County, styled James R. Harris
v. Guerra & Moore, Ltd., L.L.P., Carlos L. Guerra, and J. Michael
Moore.  The lawsuit alleges Guerra
& Moore breached an agreement whereby Harris was to be paid $50,000 as a
result of a mediation concerning Athe Caritina Segundo litigation.@ 

 








7)  In the
present cause (Cause no. CL-32,460-E),
on September 28, 2004, Judge Arnoldo Cantu granted Guerra & Moore=s request for an anti-suit injunction.  The injunction prohibits appellants from
filing matters pertaining to appellee=s relationship with the Perezes in any other
court.  It is from this anti-suit
injunction that appellants appeal.

 

                            Standard
of Review and Applicable Law

 

Issuance of an anti‑suit injunction rests
within the sound discretion of the trial court.[3]  In reviewing the trial court=s order, we are to draw inferences from the evidence
in the manner most favorable to the trial court=s
ruling.[4]    AA trial court abuses its discretion when it acts
arbitrarily and unreasonably, without reference to guiding rules or principles,
or misapplies the law to the established facts of the case.@[5]  Although a
trial court does not abuse its discretion when it bases its decision on
conflicting evidence, that evidence must reasonably support the trial court=s decision.[6]  








It is well-recognized that Texas state courts have
the power to restrain persons from proceeding with suits filed in other courts
of this state.[7]  However, the principle of comity requires
that courts exercise this equitable power sparingly, and only in very special
circumstances.[8]  The party seeking the injunction has the
burden to show that a clear equity demands the injunction.[9]  An anti‑suit injunction is appropriate
in four instances: 1) to address a threat to the court's jurisdiction; 2) to
prevent the evasion of important public policy; 3) to prevent a multiplicity of
suits; or 4) to protect a party from vexatious or harassing litigation.[10]

                                                                      Analysis

Here, the trial court=s
order prohibits appellants from Aasserting, prosecuting, filing, appearing in any
other court, other than this court, concerning any aspect of the underlying
transactions . . .@  The order
includes the following findings:

C           that
defendants must be enjoined to prevent a multiplicity of suits involving the
same or similar issues;

 

C           that
defendants must be enjoined to protect appellee from vexatious or harassing
litigation;

 

C           that
on February 27, 2004, in trial court cause no. CL-43,065-B, Judge Jaime
Palacios found that (1)  appellants
attempted to prosecute claims for an accounting in cause no. 98-08-17359 in the
229th district court in Duval County and that cause no. CL-43,065-B also arises
out of cause no. 98-08-17359; (2) appellants would file another case in Duval
County unless enjoined from doing so; and (3) appellants have engaged in
forum-shopping.  

 

As a result, Judge Palacios granted an anti-suit
injunction against appellants in cause no. CL-43,065-B.[11]  In the order before us in the present case,
the trial court accepted Judge Palacios=s findings in cause no. CL-43,065-B.    

 In support of
its request for an anti-suit injunction, appellee introduced the following
evidence at the temporary injunction hearing: 








1)  the
February 27, 2004 anti-suit injunction granted in appellee=s favor by Judge Palacios in cause no. CL-43,065-B
(Plaintiffs= Exhibit #1);

 

2)  a copy of
the petition in cause no. 98-61475-3, filed in County Court-at-Law No. 3 in
Nueces County, styled Dan Alfaro, Individually and D/B/A Law Offices of Dan Alfaro
& Associates, and Jose AShorty@ Adalberto DeLeon v. J. Michael Moore and Cornelio
Garza (Plaintiffs= Exhibit #2);[12]  

 

3)  the
citation and AMotion for Appointment of Auditor and Other Relief@ in cause no. 98-08-17359, filed in the 229th
District Court in Duval County (Plaintiffs= Exhibit #3);[13]

 

4)  the order
dismissing the Duval County suit (cause no. 98-08-17359) (Plaintiffs= Exhibit #4); and 

 

5) a copy of the petition in cause no. 04-61603-1,
filed in County Court-at-Law No. 1 in Nueces County, styled James R. Harris
v. Guerra & Moore, Ltd., L.L.P., Carlos L. Guerra, and J. Michael Moore (Plaintiffs= Exhibit #5). 
The lawsuit alleges Guerra & Moore breached an agreement whereby
Harris was to be paid $50,000 as a result of a mediation concerning Athe Caritina Segundo litigation.@[14]  

 








In its brief, appellee asserts that Athe ground asserted for the injunction at the
hearing was protecting the court=s jurisdiction.@  In support
of this argument, appellee cites to the record of the temporary injunction
hearing held on September 8, 2004. 
However, appellee did not add Greenwell, Harris, and Harris &
Greenwell, L.L.P. as defendants until 
September 21, 2004.  Nonetheless,
appellee argues that its original petition in the present lawsuit, which
alleges interference with appellee=s attorney-client relationship with Gerardo Perez,
was filed in Hidalgo County on July 22, 1999. 
Appellee argues that it is therefore the Afirst-filed@ case and the case of dominant jurisdiction.  Appellee contends that the trial court was
thus entitled to issue an anti-suit injunction Ato
protect [its] jurisdiction.@  Appellee
asserts that the trial court found that appellants had filed suit against
appellee in Duval County.[15]  Appellee also asserts that Athe issue of [David] Burkett representing Gerardo
Perez again arose@ when Harris & Greenwell filed a motion to
substitute Burkett[16]
as attorney for Gerardo Perez in cause no. CL-43,065-B.[17]









We first address appellee=s argument that the anti-suit injunction was
necessary to Aprotect [the trial court=s] jurisdiction.@  We conclude that the evidence submitted by
appellee failed to establish its entitlement to anti-suit injunctive relief on
this basis.  Of the five documents
submitted, only the Duval County suit challenged the distribution of monies to
the Perezes.  The Duval County suit,
however, was dismissed, and therefore cannot constitute a threat to the trial
court=s jurisdiction. 
We also reject appellee=s argument that appellants= motion to substitute counsel, filed in cause no.
CL-43,065-B (a lawsuit filed by appellee), constitutes a threat to the court=s jurisdiction. 
Of the five documents submitted by appellee, the only lawsuit filed by
Harris (or any other appellant) is cause no. 04-61603-1, filed in County
Court-at-Law No. 1 in Nueces County.  As
noted, that suit alleges breach of an agreement to pay Harris $50,000; appellee
has presented no evidence establishing that this case is related to its claims
in the present case or that it constitutes a threat to the court=s jurisdiction. 

We next address whether appellee provided evidence
to support any of the other bases for an anti-suit injunction.  The order states that an injunction is
necessary Ato prevent a multiplicity of suits,@ Ato protect [appellee] from vexatious or harassing
litigation,@ and to prevent Ablatant
forum shopping,@ which is against public policy.   








Typically, the multiplicity argument supports
issuance of an anti‑suit injunction when a party files numerous lawsuits
to re-litigate issues in different courts.[18]  Texas cases that have approved injunctive
relief to protect a party from vexatious or harassing litigation have done so
based on evidence that a multiplicity of suits had been filed or on other
evidence of harassment.[19]  Here, the evidence presented by appellee
shows only one lawsuit filed by appellants involving the Perez family=s claims: the Duval County suit, which has been
dismissed.  Although we may still
consider the dismissed Duval County suit as proof of a pattern of vexatious
litigation, the record contains no evidence of other lawsuits which appellees
have shown were filed by appellants regarding the Perezes.  The evidence offered by appellee includes
only one other lawsuit filed by Harris, and as noted, appellee presented no
evidence that it is related to the issues in the present case.  After thoroughly reviewing the record of the
anti-suit injunction hearing, we note that appellee did not even assert that
the Nueces County lawsuit filed by Harris was related in any way to the
present  case.  Similarly, with regard to the Alfaro
case, although Harris & Greenwell represented the plaintiffs in that
lawsuit and appellee told the court that the case was Adirectly tied to the Titan Tire case,@ appellee did not explain how it was related to the
present litigation and did not provide any evidence establishing such a
connection.  Our review of cases deeming
litigation Avexatious and harassing@ leads us to conclude there is no justification for
injunctive relief here.  








We find no evidence in the record showing that the
anti-suit injunction was appropriate to prevent a multiplicity of lawsuits, to
provide protection from vexatious or harassing litigation, or to prevent a
threat to the court=s jurisdiction or the evasion of important public
policy.  We  sustain appellants= fifth issue[20]
and hold that the trial court abused its discretion by issuing the anti-suit
injunction. 

Appellants also note that the majority rule in Texas
is  that in addition to meeting the
requirements necessary to obtain an anti-suit injunction, the traditional
pre-requisites to injunctive or equitable relief (probable right of recovery,
imminent injury, irreparable harm, inadequate remedy at law, and the
requirements of Texas Rule of Civil Procedure 683) must be met by a party
seeking an anti-suit injunction.[21]  However, because we have already determined
that the trial court abused its discretion in granting the anti-suit
injunction, it is unnecessary for us to address appellants= remaining arguments concerning the requirement to
establish the traditional pre-requisites for injunctive relief.[22]

We REVERSE the trial court=s temporary injunction order and the cause is
REMANDED to the trial court for further proceedings consistent with this
opinion.   

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Memorandum Opinion delivered and 

filed this the 31st day of August, 2005.











[1] See Tex. Civ.
Prac. & Rem. Code Ann. ' 51.014(a)(4) (Vernon Supp. 2004-05).  





[2] See Tex. R. App. P. 47.4.





[3]
London Mkt. Ins. v. Am.
Home Assurance Co.,
95 S.W.3d 702, 705 (Tex. App.BCorpus Christi 2003, no pet.). 





[4]
See id.  





[5] Id.  (quoting Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985). 





[6] Harbor Perfusion, Inc. v. Floyd,
45 S.W.3d 713, 717 (Tex. App.BCorpus Christi 2001, no pet.). 





[7] Gannon v. Payne, 706 S.W.2d
304, 305 (Tex. 1986); London Mkt., 95 S.W.3d at 706; In re Est. of
Dilasky, 972 S.W.2d 763, 767 (Tex. App.BCorpus Christi 1998, no pet.).  





[8] London Mkt., 95 S.W.3d at
706. 





[9] Id.  





[10] Id. at 705-06 (citing Golden
Rule Ins. Co. v. Harper, 925 S.W.2d 649, 651 (Tex. 1996) (per curiam); Gannon,
706 S.W.2d at 307).  





[11] Thus, appellee obtained
essentially the same injunctive relief from two courts:  the injunction granted in the present case
(prohibiting appellants from filing matters pertaining to appellee=s relationship with the Perezes in
any other court) grants the same relief and accordingly, is in conflict with
the February 27,2004 injunction previously obtained by appellee from Judge
Palacios (prohibiting appellants from filing matters concerning the distribution
of monies to the Perezes in any other court).   






[12] At the hearing on the anti-suit
injunction, appellants objected to the admission of Plaintiffs= Exhibit #2 on grounds that it was
not relevant to any issue before the court. 
Appellee responded that the Alfaro case  Ais directly tied to the Titan Tire case that was settled in
Duval County in 2000.@ 
Appellee characterized the Alfaro case as Alitigation filed on behalf of Dan
Alfaro and someone named Shorty De Leon who claimed entitlement in [the Titan
Tire] case.@ 
Harris and Greenwell represent the plaintiffs in the Alfaro case.  At the hearing, Greenwell told the court, AThe fact that we as counsel
represented Dan Alfaro and Shorty De Leon in a lawsuit against Michael Moore
and Cornelio Garza has nothing to do with the issues before this case.@ 
There is no evidence in the record to support either assertion.  We note that as the party requesting
anti-suit injunctive relief, the burden was on appellee to establish that the Alfaro
suit was related to the present issue. 
London Mkt., 95 S.W.3d at 706.  






[13] At the anti-suit injunction
hearing, appellant Greenwell told the court that the case filed in the 229th
district court in Duval County is Athe only lawsuit that we=ve brought against Guerra & Moore on behalf of the
Perezes and the DeLeons.@ 
Greenwell explained that after the Duval County case was dismissed,
appellants brought a Acounterclaim@ in Cause no. CL-43,065-B, the case
filed by Guerra & Moore pending in Hidalgo County Court-at-Law No. 2.    





[14] At the anti-suit injunction
hearing, appellants also objected to the admission of Plaintiffs= Exhibit #5 on grounds of
relevance, arguing that Exhibit #5 involves Aanother agreement that has nothing to do with the
circumstances before this case.@  Appellee responded
that Exhibit #5 is relevant Ajust as more evidence of the vexatious litigation that has
been involved with Jim Harris, Harris & Greenwell and Andrew Greenwell . .
.@ 






[15] We note that the trial court in the
present case accepted the findings made by Judge Palacios in cause no.
CL-43,065-B, which included the finding that appellants had attempted to
prosecute claims against appellee in Cause no. 98-08-17359 in Duval County.





[16] We note that the AMotion for Substitution of Counsel,@ filed on or about August 27, 2004,
by Harris & Greenwell, L.L.P in cause no. CL-43,065-B, requests that David
T. Burkett be substituted to represent Gerardo Perez and Maria Luisa
Perez.  Guerra & Moore=s objection to the substitution,
dated September 1, 2004, objects to the substitution of Stephen Burkett
as counsel for Gerardo and Maria Luisa Perez. 
The basis for Guerra & Moore=s objection is that Stephen Burkett is a defendant in the
present cause, Cause no. CL-32,460-E.    





[17] County Court-at-Law No. 2 in
Hidalgo County.





[18] Avco Corp. v. Interstate
Southwest, LTD., 145 S.W.3d 257, 266 (Tex. App.BHouston [14th Dist.] 2004, no
pet.). 





[19]
See, e.g., Nguyen v.
Intertex, Inc., 93
S.W.3d 288, 299 (Tex. App.BHouston [14th Dist.] 2002, no pet.) (finding anti-suit
injunction warranted where appellant filed at least five lawsuits relating to
the same judgment); Chandler v. Chandler, 991 S.W.2d 367, 403 (Tex. App.BEl Paso 1999, pet. denied)
(anti-suit injunction warranted where appellant filed some ten lawsuits
attempting to re-litigate matters which had been resolved against him;
continuous barrage of lawsuits against former wife and every attorney involved
in case was vexatious and meant to harass); In re Estate of Dilasky, 972
S.W.2d at 767-68 (finding anti-suit injunction warranted where appellant filed
at least seven lawsuits attempting to re-litigate same or similar issues); In
re Johnson, 961 S.W.2d 478, 482 (Tex. App.BCorpus Christi 1997, no pet.)
(ant-suit injunction warranted to protect prevailing party from continued
issuance of temporary orders blocking enforcement of a judgment).    





[20] In their fifth issue, appellants
challenge:  

 

Whether the trial court abused its
discretion in granting an anti-suit injunction because there were no Acompelling circumstances@ justifying such extraordinary
equitable relief:

 

a. 
There was no evidence of a multiplicity of suits;

 

b. 
There was no evidence of vexatious or harassing lawsuits;

 

c. 
There was no evidence of an important public policy that was being
evaded; or 

 

d.  There was no threat to the
court=s jurisdiction.





[21] See, e.g., Bay Fin. Sav.
Bank v. Brown, 142 S.W.3d 586, 591(Tex. App.BTexarkana 2004, no pet.) (holding
that anti-suit injunctions must also comply with requirements provided in rules
of civil procedure); Total Minatome Corp. v. Santa Fe Materials, Inc.,
851 S.W.2d 336, 339 (Tex. App.BDallas 1993, no writ) (holding that Aclear equity@ justifying injunctive relief requires
showing of irreparable injury, inadequate remedy at law, and probable right of
recovery); Mfr. Hanover Trust Co. v. Kingdom Investors Corp., 819
S.W.2d 607, 610 (Tex. App.BHouston [1st Dist.] 1991, no writ) (holding applicant for
anti-suit injunctive relief must show probable right to recovery, probable
injury in interim, and inadequate remedy at law); but see Admiral Ins. Co.
v. Atchison, Topeka and Santa Fe Ry. Co., 848 S.W.2d 251, 258 (Tex. App.BFort Worth 1993, writ denied), overruled
on other grounds, Golden Rule Ins. Co. v. Harper, 925 S.W.2d 649,
651 (Tex. 1996) (holding merits of underlying cause have no bearing on
propriety of anti-suit injunction).

 





[22] See Tex. R. App. P. 47.1.