# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-04-00295-CV

---

**James P. Halfmann, Appellant**

**v.**

**Employers General Insurance Company, Appellee**

---

**FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
NO. 13,615, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

James P. Halfmann appeals from the district court's summary judgment that he take nothing from Employers General Insurance Company[1] in his suit for judicial review of the denial of worker's compensation benefits. Halfmann raises essentially three issues on appeal. He asserts that the court erred in granting appellee's no-evidence motion for summary judgment because the record contains evidence showing a genuine issue of material fact as to whether Halfmann's cervical injury is compensable. He contends that the district court erred by granting traditional summary judgment

---

[1] Although Halfmann named Employers General Insurance Company as the defendant below, Old Republic Insurance Company filed a verified denial that Employers was the proper defendant. In its final judgment, the district court wrote that its decision was based on the motion filed by Old Republic Insurance Company, "improperly named as Employers General Insurance Company." To avoid confusion, we will refer to the insurance company as "appellee."

on the basis that Halfmann named the wrong defendant. Finally, he argues that the district court erred in failing to grant his motion for a new trial. We will affirm the judgment.

## BACKGROUND

Halfmann sustained an injury to his right shoulder on July 12, 1999. Subsequently, he contended that this work-related injury also included an injury he sustained to his cervical area. After a hearing, the Texas Workers' Compensation Commission (TWCC) determined that the work-related injury did not extend to the cervical spine. Halfmann, appearing pro se, brought this issue before the TWCC Appeals Panel. The Appeals Panel affirmed TWCC's decision, and Halfmann filed suit for judicial review on June 20, 2003. *See* Tex. Lab. Code Ann. § 410.252 (West Supp. 2004-05).

On November 4, 2003, appellee filed a no-evidence motion for summary judgment. The district court scheduled a hearing on that motion for December 11, 2003. Although appellee filed an amended motion for summary judgment on November 20, 2003, the hearing remained set for December 11, 2003; Halfmann alleges that he did not receive notice of the amended motion until November 22, 2003. Halfmann appeared at the hearing on December 11, 2003 and argued his case pro se; however, he did not file a written response with the court. The district court granted appellee's Amended Motion for Final Summary Judgment on January 22, 2004 without specifying the theory on which it was based. That same day, an attorney filed a notice of appearance as Halfmann's counsel. Halfmann then filed a motion for new trial on February 11, 2004. The motion was overruled by operation of law on April 6, 2004.

2

Halfmann contends that the district court erred regardless of the basis on which it granted summary judgment. He asserts that a no-evidence motion for summary judgment was erroneous because evidence in the record created a fact question about the compensability of Halfmann's cervical injury. He contends that the court erred by granting a traditional summary judgment on the claim that Halfmann sued the wrong party. Finally, he argues that the court erred by failing to grant his motion for new trial.

**Summary Judgment**

Although the district court did not expressly state whether it was granting summary judgment on no-evidence or traditional grounds, the judgment recites that "Plaintiff's compensable injury does not extend to and include an injury to his cervical spine." Because that conclusion was the basis of the no-evidence portion of appellee's motion, we will begin by examining that basis.

In its no-evidence motion for summary judgment, appellee contended that no evidence supported Halfmann's assertion that his work-related injury extended to and included his neck injury. Appellee asserted in its motion for no-evidence summary judgment that Halfmann had failed to provide any proof within a reasonable degree of medical probability to support his contention that his cervical condition resulted from the original compensable, work-related injury.

Halfmann's failure to file any timely response left the district court with no option but to grant the motion for summary judgment. When one party files a no-evidence motion for summary judgment, "[t]he court *must grant* the motion unless the *respondent produces summary*

3

*judgment evidence* raising a genuine issue of material fact." Tex. R. Civ. P. 166a(I) (emphases added). The respondent to a motion for summary judgment may file and serve opposing affidavits or other written response not later than seven days before the day of a hearing on summary judgment unless the court grants leave to file later. Tex. R. App. P. 166a(c). Evidence filed after that date may be considered on appeal only if there is some indication that the trial court allowed the late filing and considered the evidence. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) (refusing to consider affidavit in opposition to summary judgment filed without permission two days before hearing). Halfmann filed some documents on the date of the hearing but did not serve them on appellee. There is no showing that the court accepted or considered this late filing.

Halfmann argues that the Appeals Panel decision shows that there is evidence supporting his position that the cervical injury was work-related and compensable. The decision recites that "[c]onflicting evidence was presented on the disputed issue of whether the compensable injury includes an injury to the cervical area." Halfmann also notes that, in affirming the TWCC's decision, the Appeals Panel relied on a factual sufficiency standard of review rather than a legal sufficiency standard, which he contends supports his view that there was at least some evidence supporting his position. But none of the evidence itself was submitted to the district court timely, nor was this argument made to the district court at the summary-judgment hearing. The district court properly granted appellee's no-evidence motion for summary judgment.

Because we conclude that the summary judgment was proper on the no-evidence basis, we need not consider whether the grounds for the traditional motion also support the judgment

because that issue would not change our disposition of the appeal.[2]  *See* Tex. R. App. P. 47.1

(opinions must address every issue necessary to final disposition of appeal); *cf. Western Invs., Inc.*

*v. Urena*, 162 S.W.3d 547, 550 (Tex. 2004).

**Motion for New Trial**

      Halfmann complains that the district court erred by denying his motion for new trial.

In his motion for new trial, he complained that there was no adequate time for discovery before the

summary judgment, that the first amended motion for summary judgment did not provide the

required twenty-one days' advance notice of the summary-judgment hearing, and that his difficulty

in obtaining counsel prevented him from adequately presenting these and other complaints (including

evidence challenging the motion for summary judgment).

      Halfmann contends that he is entitled to the standard of review used for default

judgments because his failure to respond to the motion for summary judgment was the result of

accident or mistake.  *See Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex. App.—Dallas 1984, writ

ref'd n.r.e.); *see also Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)

(setting default-judgment standards).  In *Craddock*, the court held that a new trial should be ordered

and the default judgment should be set aside when "the failure of the defendant to answer before

judgment was not intentional, or the result of conscious indifference on his part, but was due to a

mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed

at a time when the granting thereof will occasion no delay or otherwise work an injury to the

---

[2] We nevertheless note that there is no indication that the court rendered summary judgment
for appellee on the basis that Old Republic, not Employer General, is the proper defendant.

plaintiff." 133 S.W.2d at 126. However, "*Craddock* does not apply to a motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 683-84 (Tex. 2002).

Here, Halfmann asserts that the primary reason for his failure to file a proper response to the motion for summary judgment was his inability to obtain counsel to represent him. The failure to hire counsel does not alone excuse Halfmann's failure to file a response because "[a] pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure." *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)). We cannot make allowances for the fact that a plaintiff is not a lawyer. *See Cohn*, 573 S.W.2d at 185. Parties proceeding pro se must be required to comply with applicable laws and procedure or else they would enjoy an unfair advantage over litigants with representation. *In re Estate of Dilasky*, 972 S.W.2d 763, 766 (Tex. App.—Corpus Christi 1998, no pet.).

The fact that Halfmann did not hire counsel between the time of his injury and the deadline to file a response to summary judgment four years later does not show accident or mistake in failing to file a response. Furthermore, as appellee correctly asserts, the rules of civil procedure provided Halfmann an opportunity to obtain leave to file a late response to the summary-judgment motion, *see* Tex. R. Civ. P. 166a(c), and to seek a continuance of the summary-judgment hearing,

*see* Tex. R. Civ. P. 251. He did neither. Halfmann's inability to obtain counsel until after the summary-judgment hearing does not entitle him to a new trial under the *Craddock* test.

Because Halfmann had notice of the hearing and the opportunity to alter the deadlines imposed by Rule 166a, we will review the denial of his motion for new trial under an abuse of discretion standard of review. *See Carpenter*, 98 S.W.3d at 683-84; *see also Limestone Constr., Inc. v. Summit Comm. Indus. Props., Inc.*, 143 S.W.3d 538, 542 (Tex. App—Austin 2004, no pet.). When a motion for new trial is overruled by operation of law, the question becomes whether the trial court abused its discretion in allowing the motion to be overruled. *Limestone,* 143 S.W.3d at 542. A trial court abuses its discretion when it fails to correctly analyze or apply the law. *Id*. In matters that are within the trial court's discretion, the test is whether the trial court acted arbitrarily or without reference to guiding legal principles. *Id*.; *see also Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997).

Halfmann's argument that the court should have given him a new trial because it granted summary judgment before he had adequate time for discovery fails because of the nature of this case. Halfmann complains that the discovery period had not passed when judgment was rendered, arguing that the court's January 22, 2004 judgment was well before the default discovery period expired on July 9, 2004 (nine months after he filed a discovery response, *see* Tex. R. Civ. P. 190.3(b)(1)(B)(ii)). However, rule 166a(i) requires only that an "adequate" time for discovery pass—not a specified discovery period. This suit is for judicial review of administrative proceedings on the same subject. More than four months after filing the suit, Halfmann had requested no discovery; appellee asserted in its response to Halfmann's motion for new trial that he had not

7

initiated any discovery at that point. Absent any indication from the parties to the contrary, the court could conclude without abusing its discretion that, considering the evidence produced at the administrative level, Halfmann had adequate time at the trial level for discovery to counter a no-evidence motion for summary judgment.

His complaint that the summary-judgment hearing occurred less than twenty-one days after he received notice of the amended motion for summary judgment does not support reversal because the summary judgment stands on the no-evidence ground. Halfmann waived his right to complain of lack of notice by appearing at the hearing without raising this objection. *See Luna v. Estate of Rodriguez*, 906 S.W.2d 576, 582 (Tex. App.—Austin 1995); *see also Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 560 (Tex. App.—Dallas 2003, pet. denied). The no-evidence motion undisputedly was filed more than twenty-one days before the hearing. The amended motion, containing a no-evidence section identical to the original no-evidence motion, was filed twenty-one days before the hearing. The fact that the no-evidence portions of the two motions are identical makes the timeliness of the filing of the amended motion immaterial. If the amended motion was timely, the no-evidence ground was before the court; if the amended motion was untimely, then the original motion is the live motion, and the no-evidence ground was before the court. *See* Tex. R. Civ. P. 65. Either way, Halfmann had adequate notice of the no-evidence basis for the motion that supports the summary judgment.

Halfmann's struggle to obtain counsel does not demonstrate an abuse of discretion in the denial of his motion for new trial. There is no showing of any statute, rule, or case-law that required the district court to grant the motion for new trial. Nor does Halfmann make a compelling

8

argument that the court's decision is arbitrary or unreasonable. The denial of the motion for new trial was within the district court's discretion.

## CONCLUSION

Having overruled all three of Halfmann's issues on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   October 14, 2005